# EXHIBIT A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JOHNNY HARRISON
Vs.
FREIGHTLINER, LLC

Case No. 2005 CA 005385 B

**INITIAL ORDER**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the judge designated below. All future filings in this case shall bear the name of the judge currently assigned to the case beneath the case number in the caption. Upon the filing of any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge NEAL E. KRAVITZ
Date:       07/13/05
Initial Conference: 9:30 am, Friday, October 14, 2005
Location: Courtroom 415
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001

Caio-60.doc

CA Form 1

# Superior Court of the District of Columbia

### CIVIL DIVISION
### 500 Indiana Avenue, N.W.,  Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

JOHNNY HARRISON, the estate of
by and through LYNN HOLLAND, et al.

*Plaintiff*

05-0005285

vs.

Civil Action No. _____

PENSKE TRUCK CORPORATION
Driver,
Chris Patterson,            *Defendant*
President
1/47 North Channel Avenue
Portland, OR 97217

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer.  A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you.  The attorney's name and address appear below.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays.  You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff.  If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

John E. Kennedy
Name of Plaintiff's Attorney
Kennedy & Dolan
8601 Georgia Avenue, #910

By _____
Deputy Clerk

Address
Silver Spring, MD 20910

(301) 608-3000                                        Date _____
Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W.,  ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - -X

JOHNNY HARRISON, the estate of
    by and through LYNN HOLLAND,
    and As Personal Representative
    of the Estate of Johnny Harrison
      (deceased)
206 Varnum Street, N.W.
Washington, DC 20011

    and

LaQuansia Bennett
2496 Skyland Place, S.E.
Washington, DC 20020

    and

SHAVON L. FOWLER on behalf and for
    her minor son, JaQuan D'Andre Harrison,
    natural son of deceased, Johnny Harrison
10912 Melwood Park Place
Upper Marlboro, MD 20772

Plaintiffs,

v.

FREIGHTLINER, LLC,
    Serve:
Registered Agent
CT Corporation System
1015 15th Street, N.W., Suite 1000
Washington, DC 20005

    and

STERLING TRUCK CORPORATION
Serve:
Chris Patterson,
    President
4747 North Channel Avenue
Portland, OR  97217

    and

DAIMLERCHRYSLER COMPANY
Registered Agent
CT Corporation System
1015 15th Street, N.W., Suite 1000
Washington, DC 20005

Case Number:

05-0005385

Civil Division

COMPLAINT
(NEGLIGENCE;
PRODUCTS LIABILITY)

RECEIVED
Civil Clerk's Office
JUL 13 2005
Superior Court of the
District of Columbia
Washington, D.C.


RECEIVED
AUG 19 2005
FREIGHTLINER LLC
LEGAL DEPT.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

and

LEACH COMPANY
    Serve:
        Registered agent
        National Registered Agents, Inc.
        1090 Vermont Avenue, N.W., Suite 910
        Washington, DC 20005

and

FEDERAL SIGNAL CORPORATION

    Serve:
        Registered agent
        National Registered Agents, Inc.
        1090 Vermont Avenue, N.W., Suite 910
        Washington, DC 20005

and

ALLISON TRANSMISSION
Serve:
        Robert Welding, President
        4700 West 10th Street
        Indianapolis, Indiana  46206

and

GENERAL MOTORS CORPORATION
    Serve:
Registered Agent
CT Corporation System
1015 15th Street, N.W., Suite 1000
Washington, DC 20005

              Defendants.

**DEMAND FOR JURY TRIAL**

## COMPLAINT

    Comes Now Plaintiffs, plaintiff Johnny Harrison (deceased) by and through Lynn Holland, as the personal representative of the estate of the deceased Johnny Harrison; LaQuansia Bennett; and Shavon Fowler, on behalf of her minor son, JaQuan Harrison, claiming relief against the defendants as follows:

I.
                                **PARTIES**

    1.1  At all material times, plaintiff Johnny Harrison was a

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

District of Columbia resident and an operator of a Freightliner Model Sterling 2001, SC8000 with VIN No. 49HAAEBV91HJ21747 garbage truck and who sustained personal injuries which resulted in his death on July 16, 2004 and which is the subject of this action.

Co-Plaintiffs LaQuansia Bennett and JaQuan Harrison were the natural children of the deceased, Johnny Harrison. Beneficiaries LaQuansia Bennett and JaQuan Harrison, a minor, are acknowledged children of the decedent, Johnny Harrison, and, as his surviving children, both are statutory beneficiaries in this matter.

1.2. Defendants Freightliner, LLC, and Sterling Truck Corporation, both DaimlerChrysler Companies, are U.S. corporations, doing business in the District of Columbia and whose trucks, such as the one driven on July 16, 2004 by deceased Johnny Harrison, are sold and used in the District of Columbia. Defendants Frieghtliner, Sterling and DaimlerChrysler are engaged in the design, manufacture and sale of commercial vehicles throughout the United States. DaimlerChrysler, Freightliner and Sterling directly, and/or through its subsidiaries, purposely avail themselves of the privilege of conducting business activities and transactions in Washington, D.C. by placing its products into the stream of commerce with the expectation they will be purchased and/or used by in Washington, D.C. Thus DaimlerChrysler, Freightliner and Sterling are subject to the jurisdiction of this Court.

1.3. Defendant Leach Company, an owned subsidiary of Federal

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

3

Signal Corporation, is a U.S. corporation, doing business in the District of Columbia and whose website states: "is a leader in the manufacture of refuse collection bodies...The company produces rear loader bodies for residential, commercial and heavy-commercial/construction waste collection. Leach is a fully integrated manufacturer supported by an extensive sales and distribution network. Using computer-aid design techniques, finite element analysis and advanced manufacturing technologies, Leach's rear loaders continue to provide the durability and productivity demanded by haulers.". Leach/Federal manufactured the rear loader/collection body of the vehicle, i.e., the "box" which deceased Johnny Harrison operated on July 16, 2004.

1.4 Leach and Federal Signal purposely avail themselves of the privilege of conducting business activities and transactions in Washington, D.C. by placing its products into the stream of commerce with the expectation they will be purchased and/or used in Washington, D.C. Leach and Federal Signal are therefore subject to the jurisdiction of this Court.

1.5. Defendant Allison, a division of General Motors, is a U.S. corporation, whose website states under "Refuse: Commercial Transmissions" which includes the refuse truck used by plaintiff, states: "Vocational programming packages keep drivers safe during auxiliary equipment operations."

1.6 Allison manufactured the transmission of the vehicle which deceased Johnny Harrison operated on July 16, 2004 and who was killed while using "auxiliary equipment operations". Allison

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

4

and General Motors by through its subsidiaries, purposely avail themselves of the privilege of conducting business activities and transactions in Washington, D.C. by placing its products into the stream of commerce with the expectation they will be purchased and/or used in Washington, D.C.  Allison and General Motors are subject to the Court's jurisdiction.

II.                          JURISDICTION AND VENUE

2.1  Plaintiff Johnny Harrison was injured and subsequently died in Washington, D.C. on July 16, 2004.  Deceased was a resident of the District of Columbia.

2.2  This Court has jurisdiction by virtue of D.C. Code §11-921 and §13-423.

2.3. All of the acts complained of herein occurred and/or had affect in the District and this Court is an appropriate venue.

III.                         BACKGROUND

3.1  On or about July 16, 2004, Johnny Harrison, deceased, was driving a 2001 Freightliner Model Sterling SC8000 garbage truck with VIN No. 49HAAEBV91HJ21747 on Macomb Street, N.W. near its intersection with 34th Street, N.W., in Washington, D.C.

3.2  All defendants were on notice of the highly dangerous nature of rolling garbage trucks due to such reports by OSHA and other sources citing the profession as one of the most dangerous due to garbage trucks running over people.

3.3  Freightliner and Sterling negligently designed, manufactured and/or sold the vehicle used by decedent on July 16, 2004 which directly and proximately caused his death when, due to

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910
———
(301) 608-3000

5

the defendants' negligent design/manufacture, it lurched forward and rolled when/while its hydraulic compactor blade was engaged hitting and killing plaintiff.

3.4 Leach Company and Federal Signal Corporation negligently designed and/or manufactured the rear loader body (the "box") of the vehicle used by decedent on July 16, 2004 which directly and proximately caused his death because the engagement of its hydraulic compactor blade caused\failed to prevent the vehicle to lurch and/or roll forward thus directly and proximately causing deceased Harrison his injuries and ultimate death even when the brake was engaged.

3.5 Allison, a Division of General Motors, negligently designed and manufactured the transmission of the vehicle used by decedent on July 16, 2004 because the transmission engaged and moved the vehicle used by decedent forward when the hydraulic trash compactor was engaged. Allison and General Motors negligently designed its vocational programming packages which were promised to keep drivers safe during auxiliary equipment operations. Allison and General Motors were negligent in integrating its systems with the other defendants' manufactured and/or designed parts of the vehicle used by decedent on the date of his death. This negligent design/manufacture caused/failed to prevent the vehicle to roll forward while plaintiff was using auxiliary equipment operations thus directly and proximately causing plaintiff Harrison his injuries and ultimate death.

3.6 It was foreseeable by all defendants' in paragraphs 3.1-

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

6

3.5 above plaintiff would be injured by a vehicle lurching and/or rolling forward and/or plaintiff attempting to stop same because defendants were negligent in designing/manufacturing parts of said vehicle and/or integrating with the parts/systems of the other defendants.

3.7 Upon information and belief, there was a recall on the brakes/hydraulics of Freightliner/Sterling vehicles before July 16, 2004 and therefore further notice of the potential hazards existed.

3.8 While loading trash and using the compactor blade of the "box", the said vehicle deceased Harrison was operating suddenly and unexpectedly started to roll forward. Said movement was caused by the negligent design and manufacture of the vehicle's rear loader trash compactor box and it's transmission and/or the integration of the vehicle's operations/sections/systems.

3.9 Plaintiff, forseeabily and without any negligence on his own, attempted to stop the vehicle's movement and was struck and subsequently run over by the rear tire of said garbage truck whereupon he suffered and died from the injuries.

3.10 Plaintiff did not contribute to his injuries/death nor did he assume the risk of his injuries/death and all defendants owed a duty to plaintiff Johnny Harrison, all defendants breached this duty and said breach was the direct/proximate cause of plaintiffs' injuries and losses.

IV.                          NEGLIGENCE

4.1 Plaintiff incorporates herein by reference paragraphs 1.1 through 3.10 above.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910
———
(301) 608-3000

7

4.2  At all material times, defendants Freightliner, Sterling, and DaimlerChrysler, were negligent in designing, manufacturing and/or supplying a vehicle or parts thereof or participating in the integration of the finished product with their component parts, which was ultimately driven by plaintiff Harrison with one or more of the following defects:

(a)  A wiring system which allowed/failed to prevent its garbage trucks to lurch forward and/or roll when engaging the hydraulic trash compactor blades;

(b)  A wiring system without a warning, coupling device, connecting system or coding system to prevent inadvertent switching of wires which would forseeabily cause an override of the neutral switch when the hydraulic compactor blade was engaged thus allowing/failing to prevent the vehicle's engine to speed to work, roll forward and override an engaged brake, thereby causing the vehicle to move forward forseeabily causing plaintiff Harrison physical injury.

(c)  In failing to adequately warn users of its product, including plaintiff, about the hazards associated with the vehicle's lurching and/or rolling, including, but not limited to, the high likelihood the lurching/rolling would injure him as a result of the use of the hydraulic compactor blade and/or the likelihood of the vehicle's wires being switched allowing the vehicle to lurch/roll forward even though the brake was engaged.

(d)  failing to prevent the rolling forward/lurching of its manufactured and/or designed vehicles

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

8

(e) failing to prevent the rolling forward/lurching of its manufactured and/or designed vehicles with improper installed transmissions

4.3 At all material times, defendants Allison and General Motors were negligent in designing, manufacturing and/or supplying or participating in the integration of the finished product its component parts, e.g. the transmission, on a vehicle which was ultimately driven by plaintiff Harrison with one or more of the following defects:

(a) Placing a transmission into a vehicle with a companion regulating wiring system which allowed/failed to prevent the vehicle's transmission to lurch the vehicle forward and/or cause it to roll when the hydraulic compactor blades were engaged and/or failing to diagnose or adequately warn users of the problem;

(b) Placing a transmission into a vehicle with a companion regulating wiring system without a warning, coupling device, connecting system, or coding system to prevent inadvertent switching of wires which would forseeably cause an override of the neutral switch when the hydraulic compactor blade was engaged thus allowing the vehicle's engine to speed to work, roll forward and override an engaged brake, thereby causing the vehicle to move forward forseeably causing plaintiff Harrison physical injury and/or failing to diagnose same.

(c) In failing to warn users, including plaintiff, about the hazards associated with the vehicle lurching forward and/or roll including, but not limited to, the high likelihood the

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

9

lurching/rolling would injure him as a result of the use of the hydraulic compactor blade and/or the likelihood of the vehicle's wires being switched allowing the vehicle to roll forward even though the brake was engaged.

(d) failing to prevent the rolling forward/lurching of a vehicle installed with its transmission system

(e) failing to prevent the rolling forward/lurching of its transmissions with improper incompatible components and/or electrical systems

4.4 At all material times, defendants Leach and Federal Signal were negligent in designing, manufacturing and/or supplying or participating in the integration of the finished product its component parts, e.g. the rear component trash compactor or box, on a vehicle which was ultimately driven by plaintiff Harrison with one or more of the following defects:

(a) Placing a rear loader/collection body, i.e., the "box" into a vehicle with a companion regulating wiring system which allowed/failed to prevent the vehicle's transmission to lurch the vehicle forward and/or cause it to roll when the hydraulic compactor blades were engaged and/or failing to diagnose or adequately warn users of the problem;

(b) Placing a rear loader/collection body, i.e., the "box" into a vehicle with a companion regulating wiring system without a warning, coupling device, connecting system, or coding system to prevent inadvertent switching of wires which would forseeabily cause an override of the neutral switch when the hydraulic

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

10

compactor blade was engaged thus allowing the vehicle's engine to speed to work, roll forward and override an engaged brake, thereby causing the vehicle to move forward forseeabily causing plaintiff Harrison physical injury and/or failing to diagnose same.

(c)  In failing to warn users, including plaintiff, about the hazards associated with the vehicle lurching forward and/or roll including, but not limited to, the high likelihood the lurching/rolling would injure him as a result of the use of the hydraulic compactor blade of rear loader/collection body, i.e., the "box" and/or the likelihood of the vehicle's wires being switched allowing the vehicle to roll forward even though the brake was engaged

(d)  failing to prevent the rolling forward/lurching of a vehicle installed with its rear loader/collection body, i.e., the "box"

(e)  failing to prevent the rolling forward/lurching when its rear loader/collection body, i.e., the "box" was in use due to its integration with improper incompatible components and/or electrical systems

4.5 Said warning, coupling device, connecting system, and/or coding system are/were readily-available and used in the industry and inexpensive to install to avoid what was a foreseeable lurching/rolling problem to all defendants in paragraphs 4.2 and 4.4 above, said defects were readily-detectible and forseeable to all defendants and all defendants were/should have been aware of existing defects and/or failed to give adequate warning.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING. MD 20910

(301) 608-3000

11

4.6 All defendants are strictly liable in tort for the design and/or manufacturing defects in the final product and/or for the design and/or manufacturing defective component parts placed into the final product and/or for the design and/or manufacturing defective component parts while participating in the integration of the finished product.

V.            PRODUCTS LIABILITY

5.1 Plaintiff incorporates herein by reference paragraphs 1.1 through 3.9 and 4.1 through 4.6 above.

5.2 Defendants provided plaintiff with an unreasonably dangerous product because its characteristics included one or more of the following particulars:

(a) a vehicle with a wiring system which allowed the vehicle to lurch forward and/or roll when engaging the hydraulic compactor blades on its rear compactor box and/or failing to diagnose same;

(b) a vehicle with a wiring system without a warning, coupling device, connecting system or coding system to prevent inadvertent switching of wires which would forseeably cause an override of the neutral switch when the hydraulic compactor blade was engaged thus allowing the vehicle's engine to speed to work, roll forward and override an engaged brake, thereby causing the vehicle to move forward forseeably causing plaintiff Harrison physical injury and/or failing to diagnose same defect.

(c) In failing to warn users, including plaintiff, about the hazards associated with the vehicle lurching forward and/or roll including, but not limited to, the high likelihood the

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

12

lurching/rolling would injure him as a result of the use of the hydraulic compactor blade and/or the likelihood of the vehicle's wires being switched allowing the vehicle to roll forward even though the brake was engaged.

5.3 All named defendants are jointly and severally liable for their joint negligence which proximately led to plaintiffs' injuries/losses.

VI.                    **WRONGFUL DEATH**

6.1 Plaintiffs hereby incorporate by reference the allegations set forth above in paragraphs 1.1 through 5.3.

6.2 Defendants owed a duty to decedent to ensure the vehicle was safe for the purposes for which it was to be used. Defendants breached its duty to the decedent by, amongst others, allowing a vehicle to be produced, manufacturer, designed and/or used when it was not safe to operate, and without proper warnings to plaintiff, thereby directly causing the death of decedent, Johnny Harrison.

6.3 The acts and omissions of Defendants proximately caused the death of decedent.

6.4 Pursuant to D.C. Code §16-2701, plaintiffs, Bennett and Shavon Fowler, representative of her minor son, JaQuan Harrison, seek damages from all defendants for decedent's burial and related costs, pecuniary loss and value of lost services and any and all other relief permitted by said Code and other losses and expenses allowed by law.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910
_____
(301) 608-3000

13

VII.                    <u>SURVIVAL</u>

7.1 Plaintiffs hereby incorporate by reference the allegations set forth above in paragraphs 1.1 through 6.4.

7.2 Defendants owed a duty to decedent to ensure the vehicle was safe for the purposes for which it was to be used. Defendants breached its duty to the decedent by, amongst others, allowing a vehicle to be produced, manufacturer, designed and/or used when it was not safe to operate, and without warning plaintiff, proximately/directly causing the death of decedent, Johnny Harrison.

7.3 The acts and omissions of Defendants proximately caused the death of decedent. Pursuant to D.C. Code §12-101, plaintiff Harrison by and through Lynn Holland as representative of the estate of decedent, seeks damages from all defendants for decedent's pain, suffering, loss of income and any and all medical expenses and other losses and expenses allowed by law.

7.4 Pursuant to D.C. Code §16-2701 and §12-101 the plaintiffs make claims against the defendants on behalf of themselves and any statutory beneficiaries and the decedent's estate, for all recoverable damages, including but not limited to:

      a. Compensation for the survivors' loss of pecuniary support from the decedent;

      b. Compensation for reasonable expected loss of services, guidance, education, and assistance provided by the decedent;

      c. Reasonable funeral expenses;

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

14

d.  The decedent's conscious pain and suffering from the time of the injury to the time of his death;

e.  The decedent's loss of enjoyment of life; and

f.  The decedent's loss of net future earnings after subtracting amounts he would have spent on his own living expenses and on support of his family.

VIII.                                          <u>DAMAGES</u>

8.1  At all material times, plaintiff Johnny Harrison's injuries, terrible suffering and eventual death were substantially caused by the joint conduct of defendants, as described above in paragraphs 1.1 through 7.4.

8.2  As the result of defendants' conduct, plaintiff Johnny Harrison suffered non-economic damages, relating to mental and physical pain, trauma to his torso and extremities which resulted in his eventual death.

8.3  As a further result of defendants' conduct, as described above, plaintiff Johnny Harrison suffered non-economic and economic damages in the amount to be proven at trial, relating to expenses and past and future lost earnings/earning capacity.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910
—
(301) 608-3000

15

IX.                    <u>PRAYER FOR RELIEF AND JURY TRIAL</u>

**WHEREFORE**, plaintiffs pray for judgment against defendants as outlined above and in the amount of non-economic damages and economic damages to be proven at trial and for costs, pre and post-judgment interest, costs and for any other relief the court deems appropriate and just and any others which are allowed by law.

Plaintiffs demand a jury trial.


John F. Kennedy, Esq.
Attorney for Plaintiffs
D.C. Bar #413509
Kennedy & Dolan
8601 Georgia Avenue, Suite 910
Silver Spring, MD 20910
(301) 608-3000

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

16



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JOHNNY HARRISON
Vs.                                            C.A. No.        2005 CA 005385 B
FREIGHTLINER, LLC

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the judge designated below. All future filings in this case shall bear the name of the judge currently assigned to the case beneath the case number in the caption. Upon the filing of any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge NEAL E. KRAVITZ
Date:        07/13/05
Initial Conference: 9:30 am, Friday, October 14, 2005
Location:   Courtroom 415
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

Caio-60.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

JOHNNY HARRISON, the estate of
by and through JOHN HOLLAND, et al.,

*Plaintiff*

vs.

FREIGHT INTL, LLC
Serve:
Registered Agent
CT Corporation System
1015 15th Street, NW, #1000
Washington, DC 20005

*Defendant*

Civil Action No. **05-0005385** _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.



*Clerk of the Court*

John M. Kennedy
Name of Plaintiff's Attorney
Kennedy's Dolan
581 Georgia Avenue, #610
Address
Silver Spring, MD 20910

(301)565-7620
Telephone

By _____
                        Deputy Clerk

Date _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - -X

JOHNNY HARRISON, the estate of
   by and through LYNN HOLLAND,
   and As Personal Representative
   of the Estate of Johnny Harrison
       (deceased)              :     Case Number:
206 Varnum Street, N.W.
Washington, DC 20011            :
                            :05-0005385
and                        :

LaQuansia Bennett            :
2496 Skyland Place, S.E.    :
Washington, DC 20020        :     Civil Division

and                        :

SHAVON L. FOWLER on behalf and for   :
    her minor son, JaQuan D'Andre Harrison, :
  natural son of deceased, Johnny Harrison :
10912 Melwood Park Place    :
Upper Marlboro, MD 20772    :

Plaintiffs,              :
                        :
v.                      :     COMPLAINT
                        :     (NEGLIGENCE;
                      PRODUCTS LIABILITY)

FREIGHTLINER, LLC,        :
    Serve:             :
Registered Agent        :
CT Corporation System      :
1015 15th Street, N.W., Suite 1000   :
Washington, DC 20005        :

and                        :

STERLING TRUCK CORPORATION    :
Serve:                :
Chris Patterson,         :
    President            :
4747 North Channel Avenue    :
Portland, OR   97217      :

and                        :

DAIMLERCHRYSLER COMPANY      :
Registered Agent        :
CT Corporation System      :
1015 15th Street, N.W., Suite 1000   :
Washington, DC 20005        :
                        :

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

and                                          :
                                             :
LEACH COMPANY                                :
    Serve:                                   :
        Registered agent                     :
        National Registered Agents, Inc.     :
        1090 Vermont Avenue, N.W., Suite 910 :
        Washington, DC 20005                 :
                                             :
and                                          :
                                             :
FEDERAL SIGNAL CORPORATION                   : DEMAND FOR JURY
                                             :     TRIAL
    Serve:                                   :
        Registered agent                     :
        National Registered Agents, Inc.     :
        1090 Vermont Avenue, N.W., Suite 910 :
        Washington, DC 20005                 :
                                             :
and                                          :
                                             :
ALLISON TRANSMISSION                         :
Serve:                                       :
        Robert Welding, President            :
        4700 West 10th Street                :
        Indianapolis, Indiana  46206         :
                                             :
and                                          :
                                             :
GENERAL MOTORS CORPORATION                   :
    Serve:                                   :
Registered Agent                             :
CT Corporation System                        :
1015 15th Street, N.W., Suite 1000           :
Washington, DC 20005                         :
                                             :
            Defendants.                      :
- - - - - - - - - - - - - - - - - - - - - -X

## COMPLAINT

Comes Now Plaintiffs, plaintiff Johnny Harrison (deceased) by and through Lynn Holland, as the personal representative of the estate of the deceased Johnny Harrison; LaQuansia Bennett; and Shavon Fowler, on behalf of her minor son, JaQuan Harrison, claiming relief against the defendants as follows:

I.                              PARTIES

    1.1   At all material times, plaintiff Johnny Harrison was a

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

2

District of Columbia resident and an operator of a Freightliner Model Sterling 2001, SC8000 with VIN No. 49HAAEBV91HJ21747 garbage truck and who sustained personal injuries which resulted in his death on July 16, 2004 and which is the subject of this action.

Co-Plaintiffs LaQuansia Bennett and JaQuan Harrison were the natural children of the deceased, Johnny Harrison. Beneficiaries LaQuansia Bennett and JaQuan Harrison, a minor, are acknowledged children of the decedent, Johnny Harrison, and, as his surviving children, both are statutory beneficiaries in this matter.

1.2.  Defendants Freightliner, LLC, and Sterling Truck Corporation, both DaimlerChrysler Companies, are U.S. corporations, doing business in the District of Columbia and whose trucks, such as the one driven on July 16, 2004 by deceased Johnny Harrison, are sold and used in the District of Columbia.  Defendants Frieghtliner, Sterling and DaimlerChrysler are engaged in the design, manufacture and sale of commercial vehicles throughout the United States.  DaimlerChrysler, Freightliner and Sterling directly, and/or through its subsidiaries, purposely avail themselves of the privilege of conducting business activities and transactions in Washington, D.C. by placing its products into the stream of commerce with the expectation they will be purchased and/or used by in Washington, D.C.  Thus DaimlerChrysler, Freightliner and Sterling are subject to the jurisdiction of this Court.

1.3. Defendant Leach Company, an owned subsidiary of Federal

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20810

(301) 608-3000

3

Signal Corporation, is a U.S. corporation, doing business in the District of Columbia and whose website states: "is a leader in the manufacture of refuse collection bodies...The company produces rear loader bodies for residential, commercial and heavy-commercial/construction waste collection. Leach is a fully integrated manufacturer supported by an extensive sales and distribution network. Using computer-aid design techniques, finite element analysis and advanced manufacturing technologies, Leach's rear loaders continue to provide the durability and productivity demanded by haulers.". Leach/Federal manufactured the rear loader/collection body of the vehicle, i.e., the "box" which deceased Johnny Harrison operated on July 16, 2004.

1.4 Leach and Federal Signal purposely avail themselves of the privilege of conducting business activities and transactions in Washington, D.C. by placing its products into the stream of commerce with the expectation they will be purchased and/or used in Washington, D.C. Leach and Federal Signal are therefore subject to the jurisdiction of this Court.

1.5. Defendant Allison, a division of General Motors, is a U.S. corporation, whose website states under "Refuse: Commercial Transmissions" which includes the refuse truck used by plaintiff, states: "Vocational programming packages keep drivers safe during auxiliary equipment operations."

1.6 Allison manufactured the transmission of the vehicle which deceased Johnny Harrison operated on July 16, 2004 and who was killed while using "auxiliary equipment operations". Allison

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

4

and General Motors by through its subsidiaries, purposely avail themselves of the privilege of conducting business activities and transactions in Washington, D.C. by placing its products into the stream of commerce with the expectation they will be purchased and/or used in Washington, D.C.  Allison and General Motors are subject to the Court's jurisdiction.

II.                    JURISDICTION AND VENUE

2.1  Plaintiff Johnny Harrison was injured and subsequently died in Washington, D.C. on July 16, 2004.  Deceased was a resident of the District of Columbia.

2.2  This Court has jurisdiction by virtue of D.C. Code §11-921 and §13-423.

2.3. All of the acts complained of herein occurred and/or had affect in the District and this Court is an appropriate venue.

III.                        BACKGROUND

3.1  On or about July 16, 2004, Johnny Harrison, deceased, was driving a 2001 Freightliner Model Sterling SC8000 garbage truck with VIN No. 49HAAEBV91HJ21747 on Macomb Street, N.W. near its intersection with 34th Street, N.W., in Washington, D.C.

3.2  All defendants were on notice of the highly dangerous nature of rolling garbage trucks due to such reports by OSHA and other sources citing the profession as one of the most dangerous due to garbage trucks running over people.

3.3  Freightliner  and  Sterling  negligently  designed, manufactured and/or sold the vehicle used by decedent on July 16, 2004 which directly and proximately caused his death when, due to

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

5

the defendants' negligent design/manufacture, it lurched forward and rolled when/while its hydraulic compactor blade was engaged hitting and killing plaintiff.

3.4  Leach Company and Federal Signal Corporation negligently designed and/or manufactured the rear loader body (the "box") of the vehicle used by decedent on July 16, 2004 which directly and proximately caused his death because the engagement of its hydraulic compactor blade caused\failed to prevent the vehicle to lurch and/or roll forward thus directly and proximately causing deceased Harrison his injuries and ultimate death even when the brake was engaged.

3.5  Allison, a Division of General Motors, negligently designed and manufactured the transmission of the vehicle used by decedent on July 16, 2004 because the transmission engaged and moved the vehicle used by decedent forward when the hydraulic trash compactor was engaged.  Allison and General Motors negligently designed its vocational programming packages which were promised to keep drivers safe during auxiliary equipment operations.  Allison and General Motors were negligent in integrating its systems with the other defendants' manufactured and/or designed parts of the vehicle used by decedent on the date of his death.  This negligent design/manufacture caused/failed to prevent the vehicle to roll forward while plaintiff was using auxiliary equipment operations thus directly and proximately causing plaintiff Harrison his injuries and ultimate death.

3.6 It was foreseeable by all defendants' in paragraphs 3.1-

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

6

3.5 above plaintiff would be injured by a vehicle lurching and/or rolling forward and/or plaintiff attempting to stop same because defendants were negligent in designing/manufacturing parts of said vehicle and/or integrating with the parts/systems of the other defendants.

3.7 Upon information and belief, there was a recall on the brakes/hydraulics of Freightliner/Sterling vehicles before July 16, 2004 and therefore further notice of the potential hazards existed.

3.8 While loading trash and using the compactor blade of the "box", the said vehicle deceased Harrison was operating suddenly and unexpectedly started to roll forward. Said movement was caused by the negligent design and manufacture of the vehicle's rear loader trash compactor box and it's transmission and/or the integration of the vehicle's operations/sections/systems.

3.9 Plaintiff, forseeabily and without any negligence on his own, attempted to stop the vehicle's movement and was struck and subsequently run over by the rear tire of said garbage truck whereupon he suffered and died from the injuries.

3.10 Plaintiff did not contribute to his injuries/death nor did he assume the risk of his injuries/death and all defendants owed a duty to plaintiff Johnny Harrison, all defendants breached this duty and said breach was the direct/proximate cause of plaintiffs' injuries and losses.

IV.                              NEGLIGENCE

4.1 Plaintiff incorporates herein by reference paragraphs 1.1 through 3.10 above.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

7

4.2   At all material times, defendants Freightliner, Sterling, and DaimlerChrysler, were negligent in designing, manufacturing and/or supplying a vehicle or parts thereof or participating in the integration of the finished product with their component parts, which was ultimately driven by plaintiff Harrison with one or more of the following defects:

(a)   A wiring system which allowed/failed to prevent its garbage trucks to lurch forward and/or roll when engaging the hydraulic trash compactor blades;

(b)   A wiring system without a warning, coupling device, connecting system or coding system to prevent inadvertent switching of wires which would forseeabily cause an override of the neutral switch when the hydraulic compactor blade was engaged thus allowing/failing to prevent the vehicle's engine to speed to work, roll forward and override an engaged brake, thereby causing the vehicle to move forward forseeabily causing plaintiff Harrison physical injury.

(c)   In failing to adequately warn users of its product, including plaintiff, about the hazards associated with the vehicle's lurching and/or rolling, including, but not limited to, the high likelihood the lurching/rolling would injure him as a result of the use of the hydraulic compactor blade and/or the likelihood of the vehicle's wires being switched allowing the vehicle to lurch/roll forward even though the brake was engaged.

(d)   failing to prevent the rolling forward/lurching of its manufactured and/or designed vehicles

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

8

(e) failing to prevent the rolling forward/lurching of its manufactured and/or designed vehicles with improper installed transmissions

4.3 At all material times, defendants Allison and General Motors were negligent in designing, manufacturing and/or supplying or participating in the integration of the finished product its component parts, _e.g._ the transmission, on a vehicle which was ultimately driven by plaintiff Harrison with one or more of the following defects:

(a) Placing a transmission into a vehicle with a companion regulating wiring system which allowed/failed to prevent the vehicle's transmission to lurch the vehicle forward and/or cause it to roll when the hydraulic compactor blades were engaged and/or failing to diagnose or adequately warn users of the problem;

(b) Placing a transmission into a vehicle with a companion regulating wiring system without a warning, coupling device, connecting system, or coding system to prevent inadvertent switching of wires which would forseeabily cause an override of the neutral switch when the hydraulic compactor blade was engaged thus allowing the vehicle's engine to speed to work, roll forward and override an engaged brake, thereby causing the vehicle to move forward forseeabily causing plaintiff Harrison physical injury and/or failing to diagnose same.

(c) In failing to warn users, including plaintiff, about the hazards associated with the vehicle lurching forward and/or roll including, but not limited to, the high likelihood the

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

9

lurching/rolling would injure him as a result of the use of the hydraulic compactor blade and/or the likelihood of the vehicle's wires being switched allowing the vehicle to roll forward even though the brake was engaged.

(d) failing to prevent the rolling forward/lurching of a vehicle installed with its transmission system

(e) failing to prevent the rolling forward/lurching of its transmissions with improper incompatible components and/or electrical systems

4.4 At all material times, defendants Leach and Federal Signal were negligent in designing, manufacturing and/or supplying or participating in the integration of the finished product its component parts, *e.g.* the rear component trash compactor or box, on a vehicle which was ultimately driven by plaintiff Harrison with one or more of the following defects:

(a) Placing a rear loader/collection body, i.e., the "box" into a vehicle with a companion regulating wiring system which allowed/failed to prevent the vehicle's transmission to lurch the vehicle forward and/or cause it to roll when the hydraulic compactor blades were engaged and/or failing to diagnose or adequately warn users of the problem;

(b) Placing a rear loader/collection body, i.e., the "box" into a vehicle with a companion regulating wiring system without a warning, coupling device, connecting system, or coding system to prevent inadvertent switching of wires which would forseeably cause an override of the neutral switch when the hydraulic

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

10

compactor blade was engaged thus allowing the vehicle's engine to speed to work, roll forward and override an engaged brake, thereby causing the vehicle to move forward forseeabily causing plaintiff Harrison physical injury and/or failing to diagnose same.

(c)   In failing to warn users, including plaintiff, about the hazards associated with the vehicle lurching forward and/or roll including, but not limited to, the high likelihood the lurching/rolling would injure him as a result of the use of the hydraulic compactor blade of rear loader/collection body, i.e., the "box" and/or the likelihood of the vehicle's wires being switched allowing the vehicle to roll forward even though the brake was engaged

(d)   failing to prevent the rolling forward/lurching of a vehicle installed with its rear loader/collection body, i.e., the "box"

(e)   failing to prevent the rolling forward/lurching when its rear loader/collection body, i.e., the "box" was in use due to its integration with improper incompatible components and/or electrical systems

4.5 Said warning, coupling device, connecting system, and/or coding system are/were readily-available and used in the industry and inexpensive to install to avoid what was a foreseeable lurching/rolling problem to all defendants in paragraphs 4.2 and 4.4 above, said defects were readily-detectible and forseeable to all defendants and all defendants were/should have been aware of existing defects and/or failed to give adequate warning.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING. MD 20910

(301) 608-3000

11

4.6 All defendants are strictly liable in tort for the design and/or manufacturing defects in the final product and/or for the design and/or manufacturing defective component parts placed into the final product and/or for the design and/or manufacturing defective component parts while participating in the integration of the finished product.

V.                        PRODUCTS LIABILITY

5.1   Plaintiff incorporates herein by reference paragraphs 1.1 through 3.9 and 4.1 through 4.6 above.

5.2   Defendants provided plaintiff with an unreasonably dangerous product because its characteristics included one or more of the following particulars:

(a)  a vehicle with a wiring system which allowed the vehicle to lurch forward and/or roll when engaging the hydraulic compactor blades on its rear compactor box and/or failing to diagnose same;

(b)  a vehicle with a wiring system without a warning, coupling device, connecting system or coding system to prevent inadvertent switching of wires which would forseeabily cause an override of the neutral switch when the hydraulic compactor blade was engaged thus allowing the vehicle's engine to speed to work, roll forward and override an engaged brake, thereby causing the vehicle to move forward forseeabily causing plaintiff Harrison physical injury and/or failing to diagnose same defect.

(c)  In failing to warn users, including plaintiff, about the hazards associated with the vehicle lurching forward and/or roll including, but not limited to, the high likelihood the

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

12

lurching/rolling would injure him as a result of the use of the hydraulic compactor blade and/or the likelihood of the vehicle's wires being switched allowing the vehicle to roll forward even though the brake was engaged.

5.3 All named defendants are jointly and severally liable for their joint negligence which proximately led to plaintiffs' injuries/losses.

VI.                          **WRONGFUL DEATH**

6.1 Plaintiffs hereby incorporate by reference the allegations set forth above in paragraphs 1.1 through 5.3.

6.2 Defendants owed a duty to decedent to ensure the vehicle was safe for the purposes for which it was to be used. Defendants breached its duty to the decedent by, amongst others, allowing a vehicle to be produced, manufacturer, designed and/or used when it was not safe to operate, and without proper warnings to plaintiff, thereby directly causing the death of decedent, Johnny Harrison.

6.3 The acts and omissions of Defendants proximately caused the death of decedent.

6.4 Pursuant to D.C. Code §16-2701, plaintiffs, Bennett and Shavon Fowler, representative of her minor son, JaQuan Harrison, seek damages from all defendants for decedent's burial and related costs, pecuniary loss and value of lost services and any and all other relief permitted by said Code and other losses and expenses allowed by law.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

13

VII.                          SURVIVAL

7.1  Plaintiffs  hereby  incorporate  by  reference  the
allegations set forth above in paragraphs 1.1 through 6.4.

7.2  Defendants owed a duty to decedent to ensure the vehicle
was safe for the purposes for which it was to be used.  Defendants
breached its duty to the decedent by, amongst others, allowing a
vehicle to be produced, manufacturer, designed and/or used when it
was  not  safe  to  operate,  and  without  warning  plaintiff,
proximately/directly  causing  the  death  of  decedent,  Johnny
Harrison.

7.3 The acts and omissions of Defendants proximately caused
the death of decedent.  Pursuant to D.C. Code §12-101, plaintiff
Harrison by and through Lynn Holland as representative of the
estate  of  decedent,  seeks  damages  from  all  defendants  for
decedent's pain, suffering, loss of income and any and all medical
expenses and other losses and expenses allowed by law.

7.4  Pursuant to D.C. Code §16-2701 and §12-101 the plaintiffs
make claims against the defendants on behalf of themselves and any
statutory  beneficiaries  and  the  decedent's  estate,  for  all
recoverable damages, including but not limited to:

> a.  Compensation  for  the  survivors'  loss  of
>     pecuniary support from the decedent;
>
> b.  Compensation for reasonable expected loss of
>     services, guidance, education, and assistance
>     provided by the decedent;
>
> c.  Reasonable funeral expenses;

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 808-3000

14

d.   The decedent's conscious pain and suffering from the time of the injury to the time of his death;

e.   The decedent's loss of enjoyment of life; and

f.   The decedent's loss of net future earnings after subtracting amounts he would have spent on his own living expenses and on support of his family.

VIII.                          <u>DAMAGES</u>

8.1  At all material times, plaintiff Johnny Harrison's injuries, terrible suffering and eventual death were substantially caused by the joint conduct of defendants, as described above in paragraphs 1.1 through 7.4.

8.2  As the result of defendants' conduct, plaintiff Johnny Harrison suffered non-economic damages, relating to mental and physical pain, trauma to his torso and extremities which resulted in his eventual death.

8.3  As a further result of defendants' conduct, as described above, plaintiff Johnny Harrison suffered non-economic and economic damages in the amount to be proven at trial, relating to expenses and past and future lost earnings/earning capacity.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

15

IX.                    <u>PRAYER FOR RELIEF AND JURY TRIAL</u>

**WHEREFORE**, plaintiffs pray for judgment against defendants as outlined above and in the amount of non-economic damages and economic damages to be proven at trial and for costs, pre and post-judgment interest, costs and for any other relief the court deems appropriate and just and any others which are allowed by law.

Plaintiffs demand a jury trial.


John F. Kennedy, Esq.
Attorney for Plaintiffs
D.C. Bar #413509
Kennedy & Dolan
8601 Georgia Avenue, Suite 910
Silver Spring, MD 20910
(301) 608-3000

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

16



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JOHNNY HARRISON
    Vs.
FREIGHTLINER, LLC

C.A. No.    2005 CA 005385 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the judge designated below. All future filings in this case shall bear the name of the judge currently assigned to the case beneath the case number in the caption. Upon the filing of any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge NEAL E. KRAVITZ
Date:    07/13/05
Initial Conference: 9:30 am, Friday, October 14, 2005
Location: Courtroom 415
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

JOHNNY HARRISON, the estate of
by and through LYNN HOLLAND, et al.

*Plaintiff*

**05-0005385**

vs.                                                    Civil Action No. _____

DAIMLERCHRYSLER COMPANY
Serve:
Registered Agent          *Defendant*
CT Corporation System
1015 15th St., NW #1000
Washington, DC 20005

## SUMMONS

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.



*Clerk of the Court*

John F. Kennedy
──────────────────────
Name of Plaintiff's Attorney          By _____
Kennedy & Dolan                                   Deputy Clerk
8601 Georgia Avenue. #910
──────────────────────
Address
Silver Spring, MD 20910
──────────────────────              Date _____

(301)608 3000
──────────────────────
Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - - - - - - - -X

JOHNNY HARRISON, the estate of
    by and through LYNN HOLLAND,
    and As Personal Representative
    of the Estate of Johnny Harrison
            (deceased)
206 Varnum Street, N.W.                     :    Case Number:
Washington, DC 20011

and                                         :    05-0005385

LaQuansia Bennett
2496 Skyland Place, S.E.                    :    Civil Division
Washington, DC 20020

and

SHAVON L. FOWLER on behalf and for          :
    her minor son, JaQuan D'Andre Harrison, :
    natural son of deceased, Johnny Harrison
10912 Melwood Park Place
Upper Marlboro, MD 20772

Plaintiffs,

v.                                          :    COMPLAINT
                                            :    (NEGLIGENCE;
                                            PRODUCTS LIABILITY)

FREIGHTLINER, LLC,
    Serve:
Registered Agent
CT Corporation System
1015 15th Street, N.W., Suite 1000
Washington, DC 20005

and

STERLING TRUCK CORPORATION
Serve:
Chris Patterson,
        President
4747 North Channel Avenue
Portland, OR    97217

and

DAIMLERCHRYSLER COMPANY
Registered Agent
CT Corporation System
1015 15th Street, N.W., Suite 1000
Washington, DC 20005

RECEIVED
Civil Clerk's Office

JUL 13 2005

Superior Court of the
District of Columbia
Washington, D.C.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

and                                                     :
                                                        :
LEACH COMPANY                                           :
    Serve:                                              :
        Registered agent                                :
        National Registered Agents, Inc.                :
        1090 Vermont Avenue, N.W., Suite 910            :
        Washington, DC 20005                            :
                                                        :
and                                                     :
                                                        :
FEDERAL SIGNAL CORPORATION                              : DEMAND FOR JURY
                                                        :      TRIAL
    Serve:                                              :
        Registered agent                                :
        National Registered Agents, Inc.                :
        1090 Vermont Avenue, N.W., Suite 910            :
        Washington, DC 20005                            :
                                                        :
and                                                     :
                                                        :
ALLISON TRANSMISSION                                    :
Serve:                                                  :
        Robert Welding, President                       :
        4700 West 10th Street                           :
        Indianapolis, Indiana  46206                    :
                                                        :
and                                                     :
                                                        :
GENERAL MOTORS CORPORATION                              :
    Serve:                                              :
Registered Agent                                        :
CT Corporation System                                   :
1015 15th Street, N.W., Suite 1000                      :
Washington, DC 20005                                    :
                                                        :
                      Defendants.                       :
- - - - - - - - - - - - - - - - - - - - - - - -X

                        COMPLAINT

    Comes Now Plaintiffs, plaintiff Johnny Harrison (deceased) by

and through Lynn Holland, as the personal representative of the

estate of the deceased Johnny Harrison; LaQuansia Bennett; and

Shavon Fowler, on behalf of her minor son, JaQuan Harrison,

claiming relief against the defendants as follows:

I.                          PARTIES

    1.1   At all material times, plaintiff Johnny Harrison was a

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

2

District of Columbia resident and an operator of a Freightliner Model Sterling 2001, SC8000 with VIN No. 49HAAEBV91HJ21747 garbage truck and who sustained personal injuries which resulted in his death on July 16, 2004 and which is the subject of this action.

Co-Plaintiffs LaQuansia Bennett and JaQuan Harrison were the natural children of the deceased, Johnny Harrison. Beneficiaries LaQuansia Bennett and JaQuan Harrison, a minor, are acknowledged children of the decedent, Johnny Harrison, and, as his surviving children, both are statutory beneficiaries in this matter.

1.2. Defendants Freightliner, LLC, and Sterling Truck Corporation, both DaimlerChrysler Companies, are U.S. corporations, doing business in the District of Columbia and whose trucks, such as the one driven on July 16, 2004 by deceased Johnny Harrison, are sold and used in the District of Columbia. Defendants Frieghtliner, Sterling and DaimlerChrysler are engaged in the design, manufacture and sale of commercial vehicles throughout the United States. DaimlerChrysler, Freightliner and Sterling directly, and/or through its subsidiaries, purposely avail themselves of the privilege of conducting business activities and transactions in Washington, D.C. by placing its products into the stream of commerce with the expectation they will be purchased and/or used by in Washington, D.C. Thus DaimlerChrysler, Freightliner and Sterling are subject to the jurisdiction of this Court.

1.3. Defendant Leach Company, an owned subsidiary of Federal

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

3

Signal Corporation, is a U.S. corporation, doing business in the District of Columbia and whose website states: "is a leader in the manufacture of refuse collection bodies...The company produces rear loader bodies for residential, commercial and heavy-commercial/construction waste collection. Leach is a fully integrated manufacturer supported by an extensive sales and distribution network. Using computer-aid design techniques, finite element analysis and advanced manufacturing technologies, Leach's rear loaders continue to provide the durability and productivity demanded by haulers.".    Leach/Federal manufactured the rear loader/collection body of the vehicle, i.e., the "box" which deceased Johnny Harrison operated on July 16, 2004.

1.4  Leach and Federal Signal purposely avail themselves of the privilege of conducting business activities and transactions in Washington, D.C. by placing its products into the stream of commerce with the expectation they will be purchased and/or used in Washington, D.C.  Leach and Federal Signal are therefore subject to the jurisdiction of this Court.

1.5. Defendant Allison, a division of General Motors, is a U.S. corporation, whose website states under "Refuse: Commercial Transmissions" which includes the refuse truck used by plaintiff, states: "Vocational programming packages keep drivers safe during auxiliary equipment operations."

1.6  Allison manufactured the transmission of the vehicle which deceased Johnny Harrison operated on July 16, 2004 and who was killed while using "auxiliary equipment operations".    Allison

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910
———
(301) 608-3000

4

and General Motors by through its subsidiaries, purposely avail themselves of the privilege of conducting business activities and transactions in Washington, D.C. by placing its products into the stream of commerce with the expectation they will be purchased and/or used in Washington, D.C.  Allison and General Motors are subject to the Court's jurisdiction.

II.                    JURISDICTION AND VENUE

2.1  Plaintiff Johnny Harrison was injured and subsequently died in Washington, D.C. on July 16, 2004.  Deceased was a resident of the District of Columbia.

2.2  This Court has jurisdiction by virtue of D.C. Code §11-921 and §13-423.

2.3. All of the acts complained of herein occurred and/or had affect in the District and this Court is an appropriate venue.

III.                        BACKGROUND

3.1  On or about July 16, 2004, Johnny Harrison, deceased, was driving a 2001 Freightliner Model Sterling SC8000 garbage truck with VIN No. 49HAAEBV91HJ21747 on Macomb Street, N.W. near its intersection with 34th Street, N.W., in Washington, D.C.

3.2  All defendants were on notice of the highly dangerous nature of rolling garbage trucks due to such reports by OSHA and other sources citing the profession as one of the most dangerous due to garbage trucks running over people.

3.3  Freightliner  and  Sterling  negligently  designed, manufactured and/or sold the vehicle used by decedent on July 16, 2004 which directly and proximately caused his death when, due to

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

5

the defendants' negligent design/manufacture, it lurched forward and rolled when/while its hydraulic compactor blade was engaged hitting and killing plaintiff.

3.4  Leach Company and Federal Signal Corporation negligently designed and/or manufactured the rear loader body (the "box") of the vehicle used by decedent on July 16, 2004 which directly and proximately caused his death because the engagement of its hydraulic compactor blade caused\failed to prevent the vehicle to lurch and/or roll forward thus directly and proximately causing deceased Harrison his injuries and ultimate death even when the brake was engaged.

3.5  Allison, a Division of General Motors, negligently designed and manufactured the transmission of the vehicle used by decedent on July 16, 2004 because the transmission engaged and moved the vehicle used by decedent forward when the hydraulic trash compactor was engaged.  Allison and General Motors negligently designed its vocational programming packages which were promised to keep drivers safe during auxiliary equipment operations.  Allison and General Motors were negligent in integrating its systems with the other defendants' manufactured and/or designed parts of the vehicle used by decedent on the date of his death.  This negligent design/manufacture caused/failed to prevent the vehicle to roll forward while plaintiff was using auxiliary equipment operations thus directly and proximately causing plaintiff Harrison his injuries and ultimate death.

3.6 It was foreseeable by all defendants' in paragraphs 3.1-

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

6

3.5 above plaintiff would be injured by a vehicle lurching and/or rolling forward and/or plaintiff attempting to stop same because defendants were negligent in designing/manufacturing parts of said vehicle and/or integrating with the parts/systems of the other defendants.

3.7 Upon information and belief, there was a recall on the brakes/hydraulics of Freightliner/Sterling vehicles before July 16, 2004 and therefore further notice of the potential hazards existed.

3.8 While loading trash and using the compactor blade of the "box", the said vehicle deceased Harrison was operating suddenly and unexpectedly started to roll forward. Said movement was caused by the negligent design and manufacture of the vehicle's rear loader trash compactor box and it's transmission and/or the integration of the vehicle's operations/sections/systems.

3.9 Plaintiff, forseeably and without any negligence on his own, attempted to stop the vehicle's movement and was struck and subsequently run over by the rear tire of said garbage truck whereupon he suffered and died from the injuries.

3.10 Plaintiff did not contribute to his injuries/death nor did he assume the risk of his injuries/death and all defendants owed a duty to plaintiff Johnny Harrison, all defendants breached this duty and said breach was the direct/proximate cause of plaintiffs' injuries and losses.

IV.                    NEGLIGENCE

4.1 Plaintiff incorporates herein by reference paragraphs 1.1 through 3.10 above.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

7

4.2  At all material times, defendants Freightliner, Sterling, and DaimlerChrysler, were negligent in designing, manufacturing and/or supplying a vehicle or parts thereof or participating in the integration of the finished product with their component parts, which was ultimately driven by plaintiff Harrison with one or more of the following defects:

(a)  A wiring system which allowed/failed to prevent its garbage trucks to lurch forward and/or roll when engaging the hydraulic trash compactor blades;

(b)  A wiring system without a warning, coupling device, connecting system or coding system to prevent inadvertent switching of wires which would forseeabily cause an override of the neutral switch when the hydraulic compactor blade was engaged thus allowing/failing to prevent the vehicle's engine to speed to work, roll forward and override an engaged brake, thereby causing the vehicle to move forward forseeabily causing plaintiff Harrison physical injury.

(c)  In failing to adequately warn users of its product, including plaintiff, about the hazards associated with the vehicle's lurching and/or rolling, including, but not limited to, the high likelihood the lurching/rolling would injure him as a result of the use of the hydraulic compactor blade and/or the likelihood of the vehicle's wires being switched allowing the vehicle to lurch/roll forward even though the brake was engaged.

(d)  failing to prevent the rolling forward/lurching of its manufactured and/or designed vehicles

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

8

(e) failing to prevent the rolling forward/lurching of its manufactured and/or designed vehicles with improper installed transmissions

4.3 At all material times, defendants Allison and General Motors were negligent in designing, manufacturing and/or supplying or participating in the integration of the finished product its component parts, e.g. the transmission, on a vehicle which was ultimately driven by plaintiff Harrison with one or more of the following defects:

(a) Placing a transmission into a vehicle with a companion regulating wiring system which allowed/failed to prevent the vehicle's transmission to lurch the vehicle forward and/or cause it to roll when the hydraulic compactor blades were engaged and/or failing to diagnose or adequately warn users of the problem;

(b) Placing a transmission into a vehicle with a companion regulating wiring system without a warning, coupling device, connecting system, or coding system to prevent inadvertent switching of wires which would forseeably cause an override of the neutral switch when the hydraulic compactor blade was engaged thus allowing the vehicle's engine to speed to work, roll forward and override an engaged brake, thereby causing the vehicle to move forward forseeably causing plaintiff Harrison physical injury and/or failing to diagnose same.

(c) In failing to warn users, including plaintiff, about the hazards associated with the vehicle lurching forward and/or roll including, but not limited to, the high likelihood the

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

9

lurching/rolling would injure him as a result of the use of the hydraulic compactor blade and/or the likelihood of the vehicle's wires being switched allowing the vehicle to roll forward even though the brake was engaged.

(d) failing to prevent the rolling forward/lurching of a vehicle installed with its transmission system

(e) failing to prevent the rolling forward/lurching of its transmissions with improper incompatible components and/or electrical systems

4.4  At all material times, defendants Leach and Federal Signal were negligent in designing, manufacturing and/or supplying or participating in the integration of the finished product its component parts, e.g. the rear component trash compactor or box, on a vehicle which was ultimately driven by plaintiff Harrison with one or more of the following defects:

(a) Placing a rear loader/collection body, i.e., the "box" into a vehicle with a companion regulating wiring system which allowed/failed to prevent the vehicle's transmission to lurch the vehicle forward and/or cause it to roll when the hydraulic compactor blades were engaged and/or failing to diagnose or adequately warn users of the problem;

(b) Placing a rear loader/collection body, i.e., the "box" into a vehicle with a companion regulating wiring system without a warning, coupling device, connecting system, or coding system to prevent inadvertent switching of wires which would forseeabily cause an override of the neutral switch when the hydraulic

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

10

compactor blade was engaged thus allowing the vehicle's engine to speed to work, roll forward and override an engaged brake, thereby causing the vehicle to move forward forseeabily causing plaintiff Harrison physical injury and/or failing to diagnose same.

(c)  In failing to warn users, including plaintiff, about the hazards associated with the vehicle lurching forward and/or roll including, but not limited to, the high likelihood the lurching/rolling would injure him as a result of the use of the hydraulic compactor blade of rear loader/collection body, i.e., the "box" and/or the likelihood of the vehicle's wires being switched allowing the vehicle to roll forward even though the brake was engaged

(d)  failing to prevent the rolling forward/lurching of a vehicle installed with its rear loader/collection body, i.e., the "box"

(e)  failing to prevent the rolling forward/lurching when its rear loader/collection body, i.e., the "box" was in use due to its integration with improper incompatible components and/or electrical systems

4.5 Said warning, coupling device, connecting system, and/or coding system are/were readily-available and used in the industry and inexpensive to install to avoid what was a foreseeable lurching/rolling problem to all defendants in paragraphs 4.2 and 4.4 above, said defects were readily-detectible and forseeable to all defendants and all defendants were/should have been aware of existing defects and/or failed to give adequate warning.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

11

4.6 All defendants are strictly liable in tort for the design and/or manufacturing defects in the final product and/or for the design and/or manufacturing defective component parts placed into the final product and/or for the design and/or manufacturing defective component parts while participating in the integration of the finished product.

V.                      PRODUCTS LIABILITY

5.1  Plaintiff incorporates herein by reference paragraphs 1.1 through 3.9 and 4.1 through 4.6 above.

5.2 Defendants provided plaintiff with an unreasonably dangerous product because its characteristics included one or more of the following particulars:

(a)  a vehicle with a wiring system which allowed the vehicle to lurch forward and/or roll when engaging the hydraulic compactor blades on its rear compactor box and/or failing to diagnose same;

(b)  a vehicle with a wiring system without a warning, coupling device, connecting system or coding system to prevent inadvertent switching of wires which would forseeabily cause an override of the neutral switch when the hydraulic compactor blade was engaged thus allowing the vehicle's engine to speed to work, roll forward and override an engaged brake, thereby causing the vehicle to move forward forseeabily causing plaintiff Harrison physical injury and/or failing to diagnose same defect.

(c)  In failing to warn users, including plaintiff, about the hazards associated with the vehicle lurching forward and/or roll including, but not limited to, the high likelihood the

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910
———
(301) 608-3000

12

lurching/rolling would injure him as a result of the use of the hydraulic compactor blade and/or the likelihood of the vehicle's wires being switched allowing the vehicle to roll forward even though the brake was engaged.

5.3 All named defendants are jointly and severally liable for their joint negligence which proximately led to plaintiffs' injuries/losses.

VI.                    **WRONGFUL DEATH**

6.1 Plaintiffs hereby incorporate by reference the allegations set forth above in paragraphs 1.1 through 5.3.

6.2 Defendants owed a duty to decedent to ensure the vehicle was safe for the purposes for which it was to be used. Defendants breached its duty to the decedent by, amongst others, allowing a vehicle to be produced, manufacturer, designed and/or used when it was not safe to operate, and without proper warnings to plaintiff, thereby directly causing the death of decedent, Johnny Harrison.

6.3 The acts and omissions of Defendants proximately caused the death of decedent.

6.4 Pursuant to D.C. Code §16-2701, plaintiffs, Bennett and Shavon Fowler, representative of her minor son, JaQuan Harrison, seek damages from all defendants for decedent's burial and related costs, pecuniary loss and value of lost services and any and all other relief permitted by said Code and other losses and expenses allowed by law.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

13

VII.                    SURVIVAL

7.1 Plaintiffs hereby incorporate by reference the allegations set forth above in paragraphs 1.1 through 6.4.

7.2 Defendants owed a duty to decedent to ensure the vehicle was safe for the purposes for which it was to be used. Defendants breached its duty to the decedent by, amongst others, allowing a vehicle to be produced, manufacturer, designed and/or used when it was not safe to operate, and without warning plaintiff, proximately/directly causing the death of decedent, Johnny Harrison.

7.3 The acts and omissions of Defendants proximately caused the death of decedent. Pursuant to D.C. Code §12-101, plaintiff Harrison by and through Lynn Holland as representative of the estate of decedent, seeks damages from all defendants for decedent's pain, suffering, loss of income and any and all medical expenses and other losses and expenses allowed by law.

7.4 Pursuant to D.C. Code §16-2701 and §12-101 the plaintiffs make claims against the defendants on behalf of themselves and any statutory beneficiaries and the decedent's estate, for all recoverable damages, including but not limited to:

    a.  Compensation for the survivors' loss of pecuniary support from the decedent;

    b.  Compensation for reasonable expected loss of services, guidance, education, and assistance provided by the decedent;

    c.  Reasonable funeral expenses;

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

14

    d.    The decedent's conscious pain and suffering from the time of the injury to the time of his death;

    e.    The decedent's loss of enjoyment of life; and

    f.    The decedent's loss of net future earnings after subtracting amounts he would have spent on his own living expenses and on support of his family.

VIII.                        <u>DAMAGES</u>

8.1  At all material times, plaintiff Johnny Harrison's injuries, terrible suffering and eventual death were substantially caused by the joint conduct of defendants, as described above in paragraphs 1.1 through 7.4.

8.2  As the result of defendants' conduct, plaintiff Johnny Harrison suffered non-economic damages, relating to mental and physical pain, trauma to his torso and extremities which resulted in his eventual death.

8.3  As a further result of defendants' conduct, as described above, plaintiff Johnny Harrison suffered non-economic and economic damages in the amount to be proven at trial, relating to expenses and past and future lost earnings/earning capacity.

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

15

IX.                    PRAYER FOR RELIEF AND JURY TRIAL

    **WHEREFORE**, plaintiffs pray for judgment against defendants as outlined above and in the amount of non-economic damages and economic damages to be proven at trial and for costs, pre and post-judgment interest, costs and for any other relief the court deems appropriate and just and any others which are allowed by law.

    Plaintiffs demand a jury trial.


John F. Kennedy, Esq.
Attorney for Plaintiffs
D.C. Bar #413509
Kennedy & Dolan
8601 Georgia Avenue, Suite 910
Silver Spring, MD 20910
(301) 608-3000

KENNEDY & DOLAN
SUITE 910
LEE PLAZA
8601 GEORGIA AVENUE
SILVER SPRING, MD 20910

(301) 608-3000

16