IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

JOHNNY HARRISON, the estate of by and )
through LYNN HOLLAND as Personal )
Representative of the Estate of Johnny Harrison )
(deceased), et al. )
)
)
           Plaintiffs, )
)
     v. )  Civil Action No. 1:05CV01789 (ESH)
)
FREIGHTLINER, LLC, et al. )
)
           Defendants. )

**DEFENDANTS FREIGHTLINER LLC'S AND STERLING TRUCK
CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants Freightliner LLC ("Freightliner") and Sterling Truck Corporation ("Sterling") (collectively referred to herein as "Defendants"), by counsel, hereby respond to the allegations of Plaintiffs' Complaint as follows:

1. In response to the allegations in paragraph 1.1 of the Complaint, Defendants admit that the chassis on the subject truck was a 2001 model year Sterling SC8000, VIN 49HAAEBV91HJ21747. Defendants deny that the subject vehicle was a "Freightliner Model Sterling," as no such vehicle exists. Freightliner further states that it is not a proper defendant in this action because it did not design, manufacture, or sell the subject vehicle or any of its component parts. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.1 of the Complaint, and, therefore, deny those allegations.

2. In response to the allegations in paragraph 1.2 of the Complaint, Freightliner denies that it is a corporation and states that it is a limited liability company organized under the

laws of Delaware, with its principal place of business in Portland, Oregon. Sterling admits that it is a corporation organized under the laws of Delaware, with its principal place of business in Redford Township, Michigan. Freightliner and Sterling deny that they are "DaimlerChrysler Companies." Rather, Sterling is a wholly-owned subsidiary of Freightliner. Freightliner, in turn, is a wholly-owned subsidiary of DaimlerChrysler North America Holding Corporation, which is a wholly-owned subsidiary of DaimlerChrysler AG, a German company. Freightliner denies that it designed, manufactured, or sold the subject vehicle or any of its component parts. Sterling admits that it designed and manufactured the chassis of the subject vehicle. Defendants admit that they are subject to the jurisdiction of this Court. All remaining allegations in paragraph 1.2 are denied.

3. The allegations in paragraphs 1.3 through 1.6 of the Complaint do not relate to these Defendants, and, therefore, no response is required by these defendants.

4. Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 2.1 of the Complaint, and, therefore, deny these allegations.

5. In response to the allegations in paragraphs 2.2 of the Complaint, Defendants admits that the D.C. Superior Court had jurisdiction of this action before it was properly removed to this Court.

6. In response to the allegations in paragraph 2.3 of the Complaint, Defendants admit that venue is proper in this Court.

7. In response to the allegations in paragraph 3.1 of the Complaint, defendants deny that there is any such thing as a "Freightliner Model Sterling SC8000" garbage truck, but admit that the chassis on the subject truck was a 2001 model year Sterling SC8000, VIN 49HAAEBV91HJ21747. Defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 3.1 of the Complaint, and, therefore, deny those allegations.

8. Defendants deny the allegations in paragraph 3.2 of the Complaint.

9. In response to the allegations in paragraph 3.3 of the Complaint, Sterling admits that it designed and manufactured the chassis of the vehicle, but denies that it designed any other part of the vehicle. Freightliner denies that it designed, manufactured, or sold the vehicle or any of its component parts. Except as specifically admitted herein, Defendants deny the allegations in paragraph 3.3 of the Complaint. Defendants specifically deny that the chassis was negligently designed or manufactured or otherwise contained any defect that caused or contributed to plaintiff Johnny Harrison's injuries.

10. The allegations in paragraphs 3.4 and 3.5 of the Complaint do not relate to these Defendants and, therefore, no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations in paragraphs 3.4 and 3.5 of the Complaint.

11. Defendants deny the allegations in paragraph 3.6 of the Complaint.

12. Defendants deny the allegations in paragraph 3.7 of the Complaint.

13. Defendants deny the allegations in paragraph 3.8 of the Complaint.

14. Defendants deny the allegations in paragraph 3.9 of the Complaint. Upon information and belief, plaintiff Johnny Harrison was negligent and assumed the risk by picking up garbage without the presence of another worker, as required by the applicable District of Columbia rules.

15. Defendants deny the allegations in paragraph 3.10 of the Complaint. Upon information and belief, plaintiff Johnny Harrison was negligent and assumed the risk by picking up garbage without the presence of another worker, as required by the applicable District of

Columbia rules. Defendants specifically deny that they breached any duty to Plaintiff or that any action or inaction on their part caused plaintiffs' alleged injuries and damages.

16. In response to the allegations in paragraph 4.1 of the Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, their responses to the allegations contained in paragraphs 1.1 through 3.10 of the Complaint.

17. Defendants deny the allegations in paragraph 4.2 of the Complaint, including subsections (a) through (e). Freightliner further denies that it designed, manufactured, or sold the subject vehicle or any of its component parts.

18. The allegations in paragraphs 4.3 and 4.4 of the Complaint, including all subsections therein, do not relate to these Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations in paragraphs 4.3 and 4.4 of the Complaint, including all subsections therein.

19. Defendants deny the allegations in paragraph 4.5 of the Complaint.

20. Defendants deny the allegations in paragraph 4.6 of the Complaint.

21. In response to the allegations in paragraph 5.1 of the Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, their responses to the allegations contained in paragraphs 1.1 through 4.6 of the Complaint.

22. Defendants deny the allegations in paragraph 5.2 of the Complaint, including subsections (a) through (c).

23. Defendants deny the allegations in paragraph 5.3 of the Complaint.

24. In response to the allegations in paragraph 6.1 of the Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, their responses to the allegations contained in paragraphs 1.1 through 5.3 of the Complaint.

25. Defendants deny the allegations in paragraphs 6.2 and 6.3 of the Complaint.

26. In response to the allegations in paragraph 6.4 of the Complaint, Defendants admit that Plaintiffs seek damages as alleged, but deny any liability for the alleged injuries or damages pled by Plaintiffs.

27. In response to the allegations in paragraph 7.1 of the Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, their responses to the allegations contained in paragraphs 1.1 through 6.4 of the Complaint.

28. Defendants deny the allegations in paragraph 7.2 of the Complaint.

29. Defendants deny the allegations in paragraph 7.3 of the Complaint. Defendants specifically deny that any injuries or damages allegedly sustained by Plaintiffs were caused by any action or inaction on the part of Defendants or that Plaintiffs are entitled to any recovery from Defendants. However, Defendants admit that Plaintiffs seek damages as alleged.

30. In response to the allegations in paragraph 7.4 of the Complaint, including subsections (a) through (f), Defendants admit that plaintiffs are making claims and seeking damages as alleged, but deny that any injuries or damages allegedly sustained by Plaintiffs were caused by any action or inaction on the part of Defendants or that Plaintiffs are entitled to any recovery from these Defendants.

31. Defendants deny the allegations in paragraphs 8.1 through 8.3 of the Complaint. Defendants specifically deny that any injuries or damages allegedly sustained by Plaintiffs were caused by any action or inaction on the part of Defendants or that Plaintiffs are entitled to any recovery from Defendants.

32. In response to the allegations in the unnumbered paragraph titled "Prayer for Relief and Jury Trial," Defendants deny the allegations contained in that paragraph and

specifically deny that any injuries or damages allegedly sustained by Plaintiffs were caused by any action or inaction on the part of Defendants or that Plaintiffs are entitled to any recovery from Defendants.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted against Defendants.

### SECOND DEFENSE
### (Contributory Negligence and Assumption of Risk)

Plaintiffs' injuries or damages, if any, may have been caused, in whole or in part, by the actions, omissions, contributory negligence and/or assumption of risk of plaintiff Johnny Harrison.

### THIRD DEFENSE
### (Intervening and Superseding Cause)

Plaintiffs' injuries or damages, if any, may have been caused, in whole or in part, by the actions, omissions or negligence of persons other than these Defendants and for which these Defendants are not liable.

### FOURTH DEFENSE
### (Misuse or Alteration)

Plaintiffs' injuries or damages, if any, may have been caused, in whole or in part, by alteration, change or misuse of the product at issue after the time it left Defendant Sterling's possession, custody and control.

## FIFTH DEFENSE
### (Statutes of Limitation and Repose)

Plaintiffs' claims may be barred by the applicable statutes of limitation and/or repose.

## SIXTH DEFENSE
### (Laches, Estoppel and/or Waiver)

Plaintiffs' claims may be barred by doctrines of laches, estoppel and/or waiver.

## SEVENTH DEFENSE
### (State of the Art)

Defendant Sterling at all times conformed with the state of the art for the design, manufacture, assembly, and sale of the subject product and all of its component parts.

## EIGHTH DEFENSE
### (Compliance With Federal and State Law)

Defendants complied with all applicable federal, state and local statutes and/or regulations.

## NINTH DEFENSE
### (Additional Defenses)

Defendants hereby give notice that they intend to rely upon any additional affirmative defenses that become available or apparent and thus, reserve the right to amend their Answer to assert such additional defenses.

WHEREFORE, having fully answered, Defendants respectfully request that the claims against them be dismissed; that Plaintiffs recover nothing of these Defendants; that the cost of this action be taxed to the Plaintiffs; and that Defendants be awarded their reasonable attorneys' fees and other such further relief as this Court deems just and proper.

Respectfully submitted,

HOGAN & HARTSON L.L.P.


By: /s/ Eric C. Tew
Terri S. Reiskin (D.C. Bar No. 384886)
Eric C. Tew (D.C. Bar No. 477023)
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
(202) 637-5910 (facsimile)
e-mail: tsreiskin@hhlaw.com
e-mail: ectew@hhlaw.com

Attorneys for Freightliner LLC, Sterling Truck Corporation, and DaimlerChrysler Corporation

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues so triable.

                                          /s/ Eric C. Tew
                                            Eric C. Tew

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of September, 2005, a true and correct copy of the foregoing Defendants Freightliner LLC's and Sterling Truck Corporation's Answer to Plaintiff's Complaint was served via electronic notice or first class U.S. mail, postage prepaid, on:

    John F. Kennedy, Esq.
    KENNEDY & DOLAN
    8601 Georgia Ave., Suite 910
    Silver Spring, Maryland 20910
    (Attorney for Plaintiffs)

    Leach Company
    1415 West 22nd Street, Suite 1100
    Oak Brook, Illinois 60523

    Federal Signal Corporation
    1415 West 22nd Street, Suite 1100
    Oak Brook, Illinois 60523

    Allison Transmission
    4700 West 10th Street
    Indianapolis, Indiana 46206

    General Motors Corporation
    c/o CT Corporation System
    1015 15th Street, N.W., Suite 1000
    Washington, D.C. 20005

                               /s/ Eric C. Tew
                                 Eric C. Tew