IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY HARRISON, the estate of by and through LYNN HOLLAND as Personal Representative of the Estate of Johnny Harrison (deceased), et al.<br><br>Plaintiffs,<br><br>v.<br><br>FREIGHTLINER, LLC, et al.<br><br>Defendants. | Civil Action No. 1:05CV01789 (ESH) |

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S
ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant DaimlerChrysler Corporation (hereinafter "DCC"; erroneously named as "DaimlerChrysler Company"), by counsel, hereby responds to the allegations of Plaintiffs' Complaint as follows:

1.  DCC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.1 of the Complaint, and, therefore, denies those allegations.

2.  In response to the allegations in paragraph 1.2 of the Complaint, DCC denies that Freightliner LLC and Sterling Truck Corporation are "DaimlerChrysler Companies" and denies that there is any legal entity known as "DaimlerChrysler Company." DCC further denies that it owns or controls Freightliner LLC or Sterling Truck Corporation. Rather, DCC is an entirely separate corporate entity that is incorporated under the laws of Delaware with its principal place of business in Auburn Hills, Michigan. DCC is a wholly-owned subsidiary of DaimlerChrysler Motors Company L.L.C.,

\\\DC - 58376/0001 - 2189889 v1

which, in turn, is a wholly-owned subsidiary of DaimlerChrysler North America Holding Corporation, which, in turn, is a wholly-owned subsidiary of DaimlerChrysler AG, a German company. DCC further denies that it designed, manufactured, or sold the subject vehicle or any of its component parts. Accordingly, DCC denies that it is properly a defendant in this action. DCC admits that it is subject to the jurisdiction of this Court, but denies that it has conducted any activities in Washington, D.C. that are related to this matter. Except as expressly admitted herein, all allegations in paragraph 1.2 are denied.

3.   The allegations in paragraphs 1.3 through 1.6 of the Complaint do not relate to DCC, and, therefore, no response is required by DCC.

4.   DCC is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 2.1 of the Complaint, and, therefore, denies those allegations.

5.   In response to the allegations in paragraphs 2.2 of the Complaint, DCC admits that the D.C. Superior Court had jurisdiction of this action before it was properly removed to this Court.

6.   In response to the allegations in paragraph 2.3 of the Complaint, DCC admits that venue is proper in this Court.

7.   DCC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.1 of the Complaint, and, therefore, denies those allegations.

8.   DCC denies the allegations in paragraph 3.2 of the Complaint.

9.   The allegations in paragraph 3.3 of the Complaint do not relate to DCC, and, therefore, no response is required. To the extent that a response is deemed to be required, DCC denies the allegations in paragraph 3.3. DCC specifically denies that it designed, manufactured, or sold the vehicle or any of its component parts.

10. The allegations in paragraphs 3.4 and 3.5 of the Complaint do not relate to DCC and, therefore, no response is required. To the extent that a response is deemed to be required, DCC denies the allegations in paragraphs 3.4 and 3.5 of the Complaint.

11. DCC denies the allegations in paragraph 3.6 of the Complaint.

12. DCC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.7 of the Complaint, and, therefore, denies those allegations.

13. DCC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.8 of the Complaint, and, therefore, denies those allegations.

14. DCC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.9 of the Complaint, and, therefore, denies those allegations.

15. DCC denies the allegations in paragraph 3.10 of the Complaint. DCC specifically denies that it owed or breached any duty to Plaintiffs, or that any action or inaction on its part caused Plaintiffs' alleged injuries and damages.

16. In response to the allegations in paragraph 4.1 of the Complaint, DCC hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1.1 through 3.10 of the Complaint.

17. DCC denies the allegations in paragraph 4.2 of the Complaint, including subsections (a) through (e). DCC further denies that it designed, manufactured, or sold the subject vehicle or any of its component parts.

18. The allegations in paragraphs 4.3 and 4.4 of the Complaint, including all subsections therein, do not relate to DCC, and, therefore, no response is required. To the extent that a response is

deemed to be required, DCC denies the allegations in paragraphs 4.3 and 4.4 of the Complaint, including all subsections therein.

19. DCC denies the allegations in paragraph 4.5 of the Complaint.

20. DCC denies the allegations in paragraph 4.6 of the Complaint.

21. In response to the allegations in paragraph 5.1 of the Complaint, DCC hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1.1 through 4.6 of the Complaint.

22. DCC denies the allegations in paragraph 5.2 of the Complaint, including subsections (a) through (c).

23. DCC denies the allegations in paragraph 5.3 of the Complaint.

24. In response to the allegations in paragraph 6.1 of the Complaint, DCC hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1.1 through 5.3 of the Complaint.

25. DCC denies the allegations in paragraph 6.2 of the Complaint

26. DCC denies the allegations in paragraph 6.3 of the Complaint.

27. In response to the allegations in paragraph 6.4 of the Complaint, DCC admits that Plaintiffs seek damages as alleged, but denies any liability for the alleged injuries or damages pled by Plaintiffs.

28. In response to the allegations in paragraph 7.1 of the Complaint, DCC hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1.1 through 6.4 of the Complaint.

29. DCC denies the allegations in paragraph 7.2 of the Complaint.

30. DCC denies the allegations in paragraph 7.3 of the Complaint. DCC specifically denies that any injuries or damages allegedly sustained by Plaintiffs were caused by any action or inaction on the part of DCC or that Plaintiffs are entitled to any recovery from DCC. However, Defendants admit that Plaintiffs seek damages as alleged.

31. In response to the allegations in paragraph 7.4 of the Complaint, including subsections (a) through (f), DCC admits that Plaintiffs are making claims and seeking damages as alleged, but deny that any injuries or damages allegedly sustained by Plaintiffs were caused by any action or inaction on the part of DCC or that Plaintiffs are entitled to any recovery from DCC.

32. DCC denies the allegations in paragraphs 8.1 through 8.3 of the Complaint. DCC specifically denies that any injuries or damages allegedly sustained by Plaintiffs were caused by any action or inaction on the part of DCC or that Plaintiffs are entitled to any recovery from DCC.

33. In response to the allegations in the unnumbered paragraph titled "Prayer for Relief and Jury Trial," DCC denies the allegations contained in that paragraph and specifically denies that any injuries or damages allegedly sustained by Plaintiffs were caused by any action or inaction on the part of DCC or that Plaintiffs are entitled to any recovery from DCC.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted against DCC.

## SECOND DEFENSE
### (Contributory Negligence and Assumption of Risk)

Plaintiffs' injuries or damages, if any, may have been caused, in whole or in part, by the actions, omissions, contributory negligence and/or assumption of risk of plaintiff Johnny Harrison.

## THIRD DEFENSE
### (Intervening and Superseding Cause)

Plaintiffs' injuries or damages, if any, may have been caused, in whole or in part, by the actions, omissions or negligence of persons other than DCC and for which DCC is not liable.

## FOURTH DEFENSE
### (Statutes of Limitation and Repose)

Plaintiffs' claims may be barred by the applicable statutes of limitation and/or repose.

## FIFTH DEFENSE
### (Laches, Estoppel and/or Waiver)

Plaintiffs' claims may be barred by doctrines of laches, estoppel and/or waiver.

## SIXTH DEFENSE
### (Compliance With Federal and State Law)

DCC complied with all applicable federal, state and local statutes and/or regulations.

## SEVENTH DEFENSE
### (Additional Defenses)

DCC hereby gives notice that it intends to rely upon any additional affirmative defenses that become available or apparent and thus, reserves the right to amend its Answer to assert such additional defenses.

WHEREFORE, having fully answered, DCC respectfully requests that the claims against it be dismissed; that Plaintiffs recover nothing of DCC; that the cost of this action be taxed to the Plaintiffs; and that DCC be awarded its reasonable attorneys' fees and other such further relief as this Court deems just and proper.

    Respectfully submitted,

    HOGAN & HARTSON L.L.P.

    By: /s/ Eric C. Tew
        Terri S. Reiskin (D.C. Bar No. 384886)
        Eric C. Tew (D.C. Bar No. 477023)
        Columbia Square
        555 Thirteenth Street, N.W.
        Washington, D.C. 20004
        (202) 637-5600
        (202) 637-5910 (facsimile)
        e-mail: tsreiskin@hhlaw.com
        e-mail: ectew@hhlaw.com

        Attorneys for Freightliner LLC,
        Sterling Truck Corporation, and DaimlerChrysler Corporation

## JURY DEMAND

DCC hereby demands a trial by jury on all issues so triable.


                                           /s/   Eric C. Tew

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2005, a true and correct copy of the foregoing Defendant DaimlerChrysler Corporation's Answer to Plaintiff's Complaint was served via electronic notice on:

> John F. Kennedy, Esq.
> KENNEDY & DOLAN
> 8601 Georgia Ave., Suite 910
> Silver Spring, Maryland 20910
> (Attorney for Plaintiffs)

and via first class U.S. mail, postage prepaid, on:

> Leach Company
> 1415 West 22nd Street, Suite 1100
> Oak Brook, Illinois 60523
>
> Federal Signal Corporation
> 1415 West 22nd Street, Suite 1100
> Oak Brook, Illinois 60523
>
> Allison Transmission
> 4700 West 10th Street
> Indianapolis, Indiana 46206
>
> General Motors Corporation
> c/o CT Corporation System
> 1015 15th Street, N.W., Suite 1000
> Washington, D.C. 20005

/s/ Eric C. Tew