IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

JOHNNY HARRISON, the estate by )
and through LYNN HOLLAND, and )
As Personal Representative of the )
Estate of Johnny Harrison )
(deceased) )
)
and )
)
LAQUANSIA BENNETT, )
)
and )
)
SHAVON L. FOWLER on behalf and )
for her minor son, JaQuan D'Andre )
Harrison, natural son of deceased, )
Johnny Harrison, )
)
   Plaintiffs, )
)
v. ) Case No. 1:05-cv-01789-ESH
)
FREIGHTLINER, LLC, )
)
and )
)
STERLING )
TRUCK CORPORATION, )
)
and )
)
DAIMLERCHRYSLER COMPANY, )
)
and )
)
LEACH COMPANY, )
)
and )
)

| | |
|---|---|
| FEDERAL SIGNAL CORPORATION, | ) ) ) |
| and | ) ) |
| ALLISON TRANSMISSION, | ) ) ) |
| and | ) ) |
| GENERAL MOTORS CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

## ANSWER

GENERAL MOTORS CORPORATION and ALLISON TRANSMISSION (collectively "General Motors") states as follows for its Answer to Plaintiffs' Complaint:

## PARTIES

1.1   General Motors is without sufficient information to admit or deny the allegations contained in Paragraph 1.1 of Plaintiff's Complaint, and therefore denies them.

1.2   The allegations in Paragraph 1.2 of Plaintiff's Complaint pertain to another Defendant and require no response by General Motors. To the extent, a response is deemed required, General Motors denies these allegations and calls for strict proof thereof.

1.3   The allegations in Paragraph 1.3 of Plaintiff's Complaint pertain to another Defendant and require no response by General Motors. To the extent, a

response is deemed required, General Motors denies these allegations and calls for strict proof thereof.

1.4     The allegations in Paragraph 1.4 of Plaintiff's Complaint pertain to another Defendant and require no response by General Motors. To the extent, a response is deemed required, General Motors denies these allegations and calls for strict proof thereof.

1.5     General Motors denies any allegation in Paragraph 1.5 of Plaintiffs' Complaint that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous. General Motors, however, admits that Allison is a division of General Motors. In further answer, General Motors neither admits nor denies the remaining allegations in Paragraph 1.5 of Plaintiff's Complaint for lack of information or knowledge sufficient to establish the truth of these allegations. Consequently, General Motors denies these allegations.

1.6     General Motors denies any allegation in Paragraph 1.6 of Plaintiffs' Complaint that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous. In further answer, General Motors neither admits nor denies the remaining allegations in Paragraph 1.6 of Plaintiff's Complaint for lack of information or knowledge sufficient to establish the truth of these allegations. Consequently, General Motors denies these allegations.

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C
P.O. BOX 22  •  FAIRFAX, VIRGINIA 22038-0022  •  (703) 385-1000  •  FAX (703) 385-1555

## JURISDICTION AND VENUE

2.1   General Motors is without sufficient information to admit or deny the allegations contained in paragraph 2.1 of Plaintiff's Complaint, and therefore denies them.

2.2   The allegations in Paragraph 2.2 of Plaintiff's Complaint are legal conclusions to which no reply is necessary. To the extent a response is deemed necessary, General Motors consents to personal jurisdiction in this Court. General Motors, however, denies any allegation in Paragraph 2.2 that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous.

2.3   The allegations in Paragraph 2.3 of Plaintiff's Complaint are legal conclusions to which no reply is necessary. To the extent a response is deemed necessary, General Motors consents to personal jurisdiction in this Court. General Motors, however, denies any allegation in Paragraph 2.3 that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous.

## BACKGROUND

3.1   General Motors is without sufficient information to admit or deny the allegations contained in paragraph 3.1 of Plaintiff's Complaint, and therefore denies them.

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
P.O. BOX 22 • FAIRFAX, VIRGINIA 22038-0022 • (703) 385-1000 • FAX (703) 385-1555

3.2    General Motors denies any allegation in Paragraph 3.2 of Plaintiffs' Complaint that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous. In further answer, General Motors neither admits nor denies the remaining allegations in Paragraph 3.2 of Plaintiff's Complaint for lack of information or knowledge sufficient to establish the truth of these allegations. Consequently, General Motors denies these allegations.

3.3    The allegations in Paragraph 3.3 of Plaintiff's Complaint pertain to another Defendant and require no response by General Motors. To the extent, a response is deemed required, General Motors denies these allegations and calls for strict proof thereof.

3.4    The allegations in Paragraph 3.4 of Plaintiff's Complaint pertain to another Defendant and require no response by General Motors. To the extent, a response is deemed required, General Motors denies these allegations and calls for strict proof thereof.

3.5    General Motors denies any allegation in Paragraph 3.5 of Plaintiffs' Complaint that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous. In further answer, General Motors neither admits nor denies the remaining allegations in Paragraph 3.5 of Plaintiff's Complaint for lack of

information or knowledge sufficient to establish the truth of these allegations. Consequently, General Motors denies these allegations.

3.6   General Motors denies any allegation in Paragraph 3.6 of Plaintiffs' Complaint that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous. In further answer, General Motors neither admits nor denies the remaining allegations in Paragraph 3.6 of Plaintiff's Complaint for lack of information or knowledge sufficient to establish the truth of these allegations. Consequently, General Motors denies these allegations.

3.7   The allegations in Paragraph 3.7 of Plaintiff's Complaint pertain to another Defendant and require no response by General Motors. To the extent, a response is deemed required, General Motors denies these allegations and calls for strict proof thereof.

3.8   General Motors denies any allegation in Paragraph 3.8 of Plaintiffs' Complaint that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous. In further answer, General Motors neither admits nor denies the remaining allegations in Paragraph 3.8 of Plaintiff's Complaint for lack of information or knowledge sufficient to establish the truth of these allegations. Consequently, General Motors denies these allegations.

3.9   General Motors denies any allegation in Paragraph 3.9 of Plaintiffs' Complaint that seeks to impose liability on General Motors, including specifically,

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C
P.O. BOX 22 • FAIRFAX, VIRGINIA 22038-0022 • (703) 385-1000 • FAX (703) 385-1555

any allegation that the subject transmission was defective and/or unreasonably dangerous. In further answer, General Motors neither admits nor denies the remaining allegations in Paragraph 3.9 of Plaintiff's Complaint for lack of information or knowledge sufficient to establish the truth of these allegations. Consequently, General Motors denies these allegations.

3.10   General Motors denies any allegation in Paragraph 3.10 of Plaintiffs' Complaint that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous. In further answer, General Motors neither admits nor denies the remaining allegations in Paragraph 3.10 of Plaintiff's Complaint for lack of information or knowledge sufficient to establish the truth of these allegations. Consequently, General Motors denies these allegations.

## NEGLIGENCE

4.1   General Motors repeats and re-alleges its responses to paragraphs 1.1 through 3.10 of Plaintiff's Complaint as set forth verbatim.

4.2   The allegations in Paragraph 4.2 of Plaintiff's Complaint pertain to another Defendant and require no response by General Motors. To the extent, a response is deemed required, General Motors denies these allegations and calls for strict proof thereof.

4.3   General Motors denies any allegation in Paragraph 4.3 of Plaintiffs' Complaint that seeks to impose liability on General Motors, including specifically,

any allegation that the subject transmission was defective and/or unreasonably dangerous and/or that General Motors failed to properly any user. In further answer, General Motors neither admits nor denies the remaining allegations in Paragraph 4.3 of Plaintiff's Complaint for lack of information or knowledge sufficient to establish the truth of these allegations. Consequently, General Motors denies these allegations.

4.4    The allegations in Paragraph 4.4 of Plaintiff's Complaint pertain to another Defendant and require no response by General Motors. To the extent, a response is deemed required, General Motors denies these allegations and calls for strict proof thereof.

4.5    General Motors denies any allegation in Paragraph 4.5 of Plaintiffs' Complaint that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous. In further answer, General Motors neither admits nor denies the remaining allegations in Paragraph 4.5 of Plaintiff's Complaint for lack of information or knowledge sufficient to establish the truth of these allegations. Consequently, General Motors denies these allegations.

4.6    General Motors denies the allegations in paragraph 4.6 of Plaintiff's Complaint.

## PRODUCTS LIABILITY

5.1   General Motors repeats and re-alleges its responses to paragraphs 1.1 through 4.6 of Plaintiff's Complaint as if set forth verbatim.

5.2   General Motors denies the allegations in paragraph 5.2 of Plaintiff's Complaint.

5.3   General Motors denies the allegations in paragraph 5.3 of Plaintiff's Complaint.

## WRONGFUL DEATH

6.1   General Motors repeats and re-alleges its responses to paragraphs 1.1 through 5.3 of Plaintiff's Complaint as if set forth verbatim.

6.2   General Motors denies any allegation in Paragraph 6.2 of Plaintiffs' Complaint that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous. In further answer, General Motors neither admits nor denies the remaining allegations in Paragraph 6.2 of Plaintiff's Complaint for lack of information or knowledge sufficient to establish the truth of these allegations. Consequently, General Motors denies these allegations.

6.3   General Motors denies the allegations in paragraph 6.3 of Plaintiff's Complaint.

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
P.O. BOX 22 • FAIRFAX, VIRGINIA 22038-0022 • (703) 385-1000 • FAX (703) 385-1555

6.4   The allegations in Paragraph 6.4 of Plaintiff's Complaint are legal conclusions to which no reply is necessary. To the extent a response is deemed necessary, General Motors consents to personal jurisdiction in this Court. General Motors, however, denies any allegation in Paragraph 6.4 that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous.

## SURVIVAL

7.1   General Motors repeats and re-alleges its responses to paragraphs 1.1 through 6.4 of Plaintiff's Complaint as if set forth verbatim.

7.2   General Motors denies any allegation in Paragraph 7.2 of Plaintiffs' Complaint that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous. In further answer, General Motors neither admits nor denies the remaining allegations in Paragraph 7.2 of Plaintiff's Complaint for lack of information or knowledge sufficient to establish the truth of these allegations. Consequently, General Motors denies these allegations.

7.3   General Motors denies any allegation in Paragraph 7.3 of Plaintiffs' Complaint that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous. In further answer, General Motors neither admits nor denies the remaining allegations in Paragraph 7.3 of Plaintiff's Complaint for lack of

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
P.O. BOX 22 • FAIRFAX, VIRGINIA 22038-0022 • (703) 385-1000 • FAX (703) 385-1555

information or knowledge sufficient to establish the truth of these allegations. Consequently, General Motors denies these allegations.

7.4    The allegations in Paragraph 7.4 of Plaintiff's Complaint are legal conclusions to which no reply is necessary. To the extent a response is deemed necessary, General Motors consents to personal jurisdiction in this Court. General Motors, however, denies any allegation in Paragraph 7.4 that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous.

## DAMAGES

8.1    General Motors denies the allegations in paragraph 8.1 of Plaintiff's Complaint.

8.2    General Motors denies the allegations in paragraph 8.2 of Plaintiff's Complaint.

8.3    General Motors denies the allegations in paragraph 8.3 of Plaintiff's Complaint.

8.4    General Motors denies any allegation in Plaintiff's Complaint not specifically admitted herein.

8.5    General Motors denies any allegation in Plaintiff's Complaint that seeks to impose liability on General Motors, including specifically, any allegation that the subject transmission was defective and/or unreasonably dangerous or that General Motors breached any duty owed.

8.6  General Motors denies being liable to Plaintiff in any amount whatsoever.

## AFFIRMATIVE DEFENSES

General Motors will rely on the following affirmative defenses, if applicable, and if proved at trial:

1. General Motors affirmatively alleges that the decedent was guilty of contributory negligence that was a proximate cause of his alleged injuries.

2. General Motors affirmatively alleges that Plaintiff assumed the risk of injury and that his assumption of risk bars his recovery.

3. General Motors affirmatively alleges that Plaintiff's injuries were caused by the negligence and breach of duty of third parties over whom General Motors had no control or right of control.

4. Plaintiff's claims, if any, are barred in whole or in part by the terms or limitations of any applicable limited warranty.

5. Upon information and belief, General Motors affirmatively alleges that any alleged non-conformity of the transmission is the result of abuse, misuse, unsafe use, neglect or unauthorized modifications or alteration of the motor vehicle and/or its components by Plaintiff and/or others.

6. Upon information and belief, General Motors affirmatively alleges that any alleged non-conformity of the transmission is the result of the unsafe use of the motor vehicle and/or its components by Plaintiff and/or others.

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
P.O. BOX 22 • FAIRFAX, VIRGINIA 22038-0022 • (703) 385-1000 • FAX (703) 385-1555

7. Upon information and belief, General Motors affirmatively alleges that Plaintiff has failed to comply with the provisions of the manufacturer's limited written warranty.

8. Upon information and belief, General Motors affirmatively alleges that any alleged non-conformity of the vehicle was known, visible or obvious.

9. Plaintiff's claims are barred by their failure to provide adequate notice under the applicable provisions of the Uniform Commercial Code.

10. General Motors affirmatively alleges that it complied with all applicable, relevant safety standards.

11. Upon information and belief, General Motors maintains that Plaintiffs' claims are barred by the Experienced User Doctrine.

12. General Motors reserves the right to rely upon all other defenses that may become applicable or available up to and including the time of trial.

WHEREFORE, Defendant General Motors Corporation prays that this matter be dismissed with prejudice and with costs assessed against Plaintiff.

GENERAL MOTORS CORPORATION
And ALLIED TRANSMISSION
By Counsel

_____
Benjamin J. Trichilo (DCB No. 377243)
TRICHILO, BANCROFT, MCGAVIN,
  HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
*Counsel for General Motors Corporation and Allied Transmission*

_____
Brian K. Telfair, Esquire
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1500
Richmond, Virginia 23219
Telephone: 804-649-8200
Facsimile: 804-649-1762
*Co-Counsel for General Motors Corporation and
Allied Transmission*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer has been served upon counsel of record for Plaintiff, John F. Kennedy, Esq., Kennedy and Dolan, 8601 Georgia Avenue, Suite 910, Silver Spring, MD 20910 and upon counsel of record for Defendants Freightliner LLC, Sterling Truck Corporation and DaimlerChrysler Corporation, Terri S. Reiskin, Esq. and Eric C. Tew, Esq., Hogan & Hartson, L.L.P., Columbia Square, 555 Thirteenth Street, N.W., Washington, DC 20004 by electronic filing on this 20th day of September, 2005.

_____
Benjamin J. Trichilo, Esquire