IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY HARRISON, the estate of by and through LYNN HOLLAND as Personal Representative of the Estate of Johnny Harrison (deceased), et al.<br><br>Plaintiffs,<br><br>v.<br><br>FREIGHTLINER, LLC, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:05CV01789 (ESH)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

The parties having stipulated to the entry of this order,

IT IS HEREBY ORDERED that the following procedures shall be adopted with respect to certain material and other information produced and/or disclosed in this action by defendants Sterling Truck Corporation, Freightliner, LLC, DaimlerChrysler Corporation, General Motors Corporation, Allison Transmission, Federal Signal Corporation, and Leach Company (collectively "Defendants"):

      1.     In response to discovery in this matter, Defendants may identify responsive materials that they consider proprietary and competitively sensitive, and that they wish to protect from dissemination outside the confines of this litigation. This Protective Order shall control the disclosure and dissemination of such documents and information, and shall apply to all attorneys and parties in this case and to other persons as described herein.

2. Defendants shall designate material as confidential only after determining that the material is a trade secret or other confidential research, development, or commercial information or is otherwise considered confidential under applicable law.

3. Defendants shall designate material as highly confidential only after determining that the material contains or discloses highly sensitive information which, if disclosed to the receiving party, would cause competitive injury or cognizable harm to the disclosing party. Highly confidential information shall include, without limitation, price information, business plans, business strategies, strategic plans, market analyses, competitive analyses, market share information, customer information, financial information, and similar information. Information designated as highly confidential shall only be disclosed to outside counsel, outside counsel's regular employees, or independent experts and consultants.

4. In responding to written discovery, Defendants may designate any portion of their responses which contain trade secrets or other confidential research, development, or commercial information, or information otherwise considered confidential under applicable law, by marking the material—in a manner which will not interfere with its legibility—with the words "Subject to Protective Order," "Confidential," or a similar designation. The designation of information as highly confidential shall be made by marking the material with the following additional notice: "HIGHLY CONFIDENTIAL—COUNSEL'S EYES ONLY."

5. In any deposition, if the deponent's testimony is deemed confidential or highly confidential, the Defendant claiming confidentiality will notify counsel for all other parties in writing of the page and line numbers of the testimony deemed confidential or highly confidential within 30 days of receiving the deposition transcript; otherwise, claims of confidentiality will be waived, unless good cause is shown. Any testimony read from or directly referencing confidential

material is automatically deemed to be confidential, including any confidential documents that are used as deposition exhibits. Similarly, any testimony referencing highly confidential material is automatically deemed to be highly confidential, including any highly confidential documents that are used as deposition exhibits.

6. Any confidential information that a Defendant provides to any other party may be disclosed only to the other parties and/or immediate employees of the parties' trial counsel's law firm, and other individuals legitimately assisting in the preparation of this case for trial such as the parties' co-counsel, consultants, and experts.

7. Any highly confidential information that a Defendant produces may be disclosed only to outside counsel for the parties, their associated attorneys, paralegals, and clerical staff who are employed in the preparation and trial of this action, and any person not employed by or affiliated with a party who is retained as an expert or consultant in connection with this action; provided however, that disclosure is reasonably necessary for the purposes of this litigation and that such expert or consultant is not a competitor or potential competitor of the disclosing party.

8. Any recipient of confidential information or highly confidential information shall not disclose that information to any other person to whom disclosure is not authorized by the terms of this Protective Order and shall not use such confidential or highly confidential information for purposes other than preparation of this action for trial. Any recipient of confidential or highly confidential information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of confidential or highly confidential information in order to ensure that its confidential or highly confidential nature is maintained.

9. Any recipient of confidential or highly confidential information, by accepting its receipt, agrees to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to the confidential or highly confidential information and/or this Protective Order, including, but not limited to, any proceeding relating to the enforcement of this Protective Order.

10. Any recipient of confidential or highly confidential information, prior to its receipt, shall be furnished with a copy of this Protective Order, and shall execute an acknowledgment letter of the type attached as Exhibit A, certifying that the recipient will not disclose confidential or highly confidential information to any person to whom disclosure is not authorized by the terms of this Protective Order, that the recipient will not use any confidential or highly confidential information in any way whatsoever other than for purposes of this action, and that the recipient has read this Protective Order and agrees to be bound by its terms. The original of each acknowledgement letter shall be maintained by counsel for the party who has furnished the confidential or highly confidential information to the recipient.

11. There shall be no reproduction or copying of confidential or highly confidential information except for those people authorized to receive information pursuant to this Protective Order after execution of the acknowledgement letter of the type attached as Exhibit A.

12. Any confidential or highly confidential information required to be filed with the Court shall be marked "Confidential" or "Highly Confidential" and filed under seal under applicable court rules, with the Clerk of the Court and shall be available for inspection only by the Court and by persons authorized by this Protective Order to receive such confidential or highly confidential information. Such documents or information shall be filed only in sealed envelopes, on

which shall be endorsed the caption of this action, an indication of the contents, and the following designation:

CONFIDENTIAL

> This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing use of confidential discovery material. The envelope shall not be opened or the contents thereof displayed or revealed except by order of the Court. Violation hereof may be regarded as contempt of Court.

13. Information designated as "Confidential" or "Highly Confidential" may be referred to by any party in notices, motions, briefs, or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, separately filed under seal with the Court.

14. If, at the time of trial, any party intends to introduce into evidence any information designated as "Confidential" or "Highly Confidential," that party shall give timely notice of such intention to the Court and counsel for every other party, and the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information. The party claiming information is confidential or highly confidential shall have the burden of proving that confidentiality.

15. The use of confidential or highly confidential information by the disclosing party in the ordinary course of business or in connection with litigation shall not result in a waiver of confidentiality.

16. If a disclosing party inadvertently fails to designate confidential or highly confidential information in the manner prescribed by this order, such failure shall not constitute a

waiver of a claim of confidentiality. Upon written notice by the disclosing party of a failure to properly designate materials as confidential or highly confidential, the receiving party shall take reasonable steps to ensure that (1) the confidentiality of the information is preserved in accordance with the terms of this order, and (2) such materials are conspicuously marked and designated in accordance with the provisions hereof.

17. After the conclusion of this action, this Protective Order shall continue to apply to all confidential and highly confidential information provided by Defendants and the Court shall retain jurisdiction over all recipients of such confidential and highly confidential information for purposes of enforcing the provisions of the Protective Order.

18. At the conclusion of this case, all documents and copies of documents designated as "Confidential" or "Highly Confidential" shall be returned to the Defendant that produced the documents. This paragraph shall require the return of the original materials produced, together with all photocopies, duplicates, abstracts or reproductions of such materials. Any notes or summaries of confidential or highly confidential documents, and all copies thereof, shall be destroyed by the party making or possessing them.

19. In the event that any party disagrees with a Defendant's designation of any item as confidential or highly confidential and subject to this Protective Order, that party shall, within 30 calendar days of receipt of the item, send a written notice to the Defendant specifying the items in question. In the event that the parties cannot reach an agreement concerning confidentiality within thirty (30) calendar days from receipt of the aforesaid written notice, the Defendant claiming confidentiality must file a motion with this court seeking a determination whether the items are properly subject to this Protective Order; otherwise, claims of confidentiality are waived. Any such

items shall continue to be treated as confidential or highly confidential and subject to this Protective Order until such time as this Court rules that the items are not entitled to confidential treatment.

20. No party or their respective counsel, experts, or other persons retained by them to assist in the preparation of this action shall under any circumstances, sell, offer for sale, advertise or publicize the contents of confidential or highly confidential information.

21. The terms of this Protective Order shall remain confidential and this Protective Order shall not be used, disclosed or cited by any party hereto in connection with any other proceeding, except in connection with a motion seeking enforcement of the provisions of this Protective Order.

Dated:_____                    _____
                                          Judge Ellen Segal Huvelle


_____
John F. Kennedy (D.C. Bar No. 413509)
KENNEDY & DOLAN
8601 Georgia Avenue
Suite 910
Silver Spring, MD 20910
(301) 608-3000

Counsel for Plaintiffs

/s/ T.P.R.
Terri S. Reiskin (D.C. Bar No. 384886)
Eric C. Tew (D.C. Bar No. 477023)
WALLACE KING DOMIKE & BRANSON, PLLC
1050 Thomas Jefferson St. NW
Suite 500
Washington, D.C. 20007
(202) 204-1000
(202) 204-1001 (facsimile)

Counsel for Defendants
   Sterling Truck Corporation,
   Freightliner, LLC and DaimlerChrysler
   Corporation


/s/ Michael E. Blumenfeld / signed with permission E.C.T.
Michael E. Blumenfeld (D.C. Bar No. 465158)
BROWN & SHEEHAN, LLP
The Tide Building, Suite 300
1010 Hull Street
Baltimore, Maryland 21230
(410) 296-8500

Counsel for Defendants General
   Motors Corp. and Allison Transmission


/s/ Brian K. Telfair / signed with permission E.C.T.
Brian K. Telfair
ADORNO & YOSS
3007 Brook Road
Richmond, Virginia 23227
(404) 347-8300

Counsel for Defendants General
   Motors Corp. and Allison Transmission

/Matthew D. Schwartz/ signed with permission S.C.C.
Matthew D. Schwartz (D.C. Bar No. 436619)
THOMPSON COBURN LLP
1909 K. Street, N.W.,
Suite 600
Washington, DC 20006-1167
(202) 585-6900

Counsel for Leach Company and
 Federal Signal Corporation


/Thomas R. Jayne/ signed with permission S.C.C.
Thomas R. Jayne
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000

Counsel for Leach Company and
 Federal Signal Corporation

## EXHIBIT "A"

## WRITTEN ASSURANCE

I, _____, hereby attest to my understanding that information or documents designated confidential or highly confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order of _____, 2005, in *Harrison v. Freightliner, LLC, et al.*, and that I have been given a copy of and have read the Protective Order and understand its terms. I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure. Further, I agree to subject myself to the jurisdiction of the United States District Court for the District of Columbia in and for any contempt proceeding or other appropriate sanctions as the Court may deem proper for a violation of the Court's Protective Order.

_____