IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Johnny Harrison, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Freightliner LLC, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:05-CV-01789 (ESH) |

## CORRECTED PARTIAL CONSENT MOTION TO EXTEND DISCOVERY DEADLINES

Plaintiff's counsel made an error in filing the partial consent motion on September 7, 2006. The filing inadvertently contained the language of the original draft motion and not the revised final motion to which all parties agreed. What follows below, for the record, is the correct motion. Plaintiff's counsel requests that the court strike the original motion and substitute this motion, *nunc pro tunc*. The relief sought by the motion remains the same.

- - - - - ----- - - - - -

The plaintiffs, with partial consent of the defendants, hereby move for a 60-day extension of all discovery deadlines in this case. Grounds for this motion are:

1.  The plaintiffs have encountered significant problems in obtaining necessary documents and inspection of the subject vehicle that caused the death of plaintiff's decedent. Progress has recently been made, but plaintiffs still lack everything they need to be able to proffer detailed opinions from their experts on liability issues. Plaintiffs are optimistic

that they are on track to obtain all needed materials so that no further discovery extension will be needed. Details are set out below.

2. The initial "accident reconstruction" on this event was done approximately two weeks after Mr. Harrison's death in July 2004 and was attended by representatives of the defendants along with the Department of Public Works (DPW), decedent's employer and the owner of the garbage truck that killed him, and the Metropolitan Police Department (MPD). Decedent's family had not yet retained counsel and so was not represented at this reconstruction.

3. Mr. Harrison was killed on July 16, 2004 when the truck into which he was packing trash on Macomb Street suddenly lurched forward. He ran after it and tried to climb into the cab, but was knocked to the ground and crushed by the rear wheels. According to reports from the DPW and MPD, the investigators discovered that wires had been inadvertently switched in a relay box in the vehicle, allowing the hydraulic garbage-packing machinery to speed up the engine while the vehicle was in gear, which then caused the engine to override the parking brake. However, none of the reports from the D.C. officials specified exactly which wires were involved, and other details of the reconstruction were also sketchy in these reports. (Discovery of the reports of the defendants' representatives at the scene has been sought but has been objected to on work-product grounds. The parties are currently discussing these work-product issues, which are not part of the present motion.)

4. For plaintiffs to do their own reconstruction to determine what went wrong, they were advised by electrical engineering consultants that they first should obtain the complete electronic schematics for the electrical box in the cab of the vehicle, then should inspect the subject vehicle to compare it to those schematics.

5. The plaintiffs first sought all electronic schematics in November 2005. Some drawings were eventually produced in February, March and April 2006. Shortly thereafter, plaintiffs' counsel was advised by their consultants that the drawings were incomplete and did not show critical aspects of the electronic design of the interface between the packing machinery and the engine. Plaintiffs sought further documents, which were produced in July 2006. When that production was still determined to be incomplete, more questions were asked, and some of the most critical documents reflecting the electronic schematics were finally obtained on August 25 and August 28, 2006. These documents were obtained from the defendant Leach.

6. Once the documents were obtained, plaintiff's counsel promptly sought an inspection of the subject vehicle from the D.C. Department of Public Works. The inspection was done last Friday, September 1. In the course of the inspection, it was discovered that the DPW had provided the wrong vehicle: an exemplar similar to the subject vehicle but not the same one. Plaintiff's counsel was advised by their electric engineering consultants that the subject vehicle had to be inspected before a report

could be submitted for this litigation. Counsel is seeking such an inspection within the next few weeks.

7.  Once an inspection of the correct vehicle has been made, plaintiffs will need to depose Rule 30(b)(6) spokespersons for the various defendants to discover the role that each defendant had in the defect in the subject vehicle. In addition, plaintiffs are pressing the defendant Allison for its documents, none of which have yet been produced. Once the spokespersons have been deposed, plaintiffs will be ready to disclose liability experts and their reports.

8.  The reports of plaintiffs' damages experts have not been constrained by these problems. These reports will be disclosed on September 15, the deadline set by the court in its order of June 19, 2006 which approved the parties' joint motion to amend the scheduling order.

9.  Plaintiffs accordingly request that the court extend until November 15, 2006 the deadline for their liability experts' reports, and allow the defendants until January 15, 2007 for production of their liability experts' reports, with discovery to close March 1, 2007.

10. Defense counsel have consented to the relief sought in this motion, except that counsel for Federal Signal, Mr. Jayne, objects to the characterization in this motion of the defendants' responses and the diligence of plaintiffs in pursuing discovery. Mr. Jayne has also requested advance notice of any inspection of the subject vehicle, which plaintiffs will provide.

Respectfully submitted,

_____/s/_____
John F. Kennedy (Bar No. 413509)
Kennedy & Dolan
8601 Georgia Avenue
Suite 910
Silver Spring, MD 20910
(301) 608-3000


_____/s/_____
Patrick A. Malone (Bar No. 397142)
Stein, Mitchell & Mezines, LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
(202) 737-7777
(202) 296-8312 (facsimile)

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2006, copies of the foregoing were sent by electronic service or U.S. Mail to:

Allison Manger, Esq.
Thompson Coburn LLP
1909 K Street, N.W.
Suite 600
Washington, D.C. 20006-1167
email: AMANGER@Thompsoncoburn.com

Thomas R. Jayne, Esq.
Thompson Coburn, LLP
One US Bank Plaza
St. Louis, MO 63101
email: TJAYNE@thompsoncoburn.com

Terri S. Reiskin, Esq.
Eric Tew, Esq.
Wallace King Domike & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Suite 500
Washington, D.C. 20004
email: TReiskin@WallaceKing.com

Michael E. Blumenfeld, Esq.
Brown & Sheehan, LLP
The Tide Building, Suite 300
1010 Hull Street
Baltimore, MD 21230-5337
email: mblumenfeld@brownsheehan.com

Brian K. Telfair, Esq.
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike
Fourth Floor
Tysons Corner, VA 22182
email: BTelfair@wcsr.com

/s/
Patrick A. Malone

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Johnny Harrison, *et al.*,         ) | |
|                                    ) | |
|             Plaintiffs,            ) | |
|                                    ) | |
| v.                                 ) | Civil Action No. 1:05-CV-01789 (ESH) |
|                                    ) | |
| Freightliner LLC, *et al.*,        ) | |
|                                    ) | |
|             Defendants.            ) | |

## ORDER

Upon consideration of the Corrected Plaintiffs' Partial Consent Motion and the reasons stated therefore and the entire record in this case, and the court being fully informed in the premises, it is hereby

ORDERED that the motion is granted, and the corrected motion shall be substituted in the record for the motion filed on September 7, 2006, which is hereby stricken.

_____
Hon. Ellen S. Huvelle

Date: _____

cc:   John F. Kennedy
      Kennedy & Dolan
      8601 Georgia Avenue
      Suite 910
      Silver Spring, MD 20910

Patrick A. Malone
Stein, Mitchell & Mezines, LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

Matthew D. Schwartz, Esq.
Allison Manger, Esq.
Thompson Coburn LLP
1909 K Street, N.W.
Suite 600
Washington, D.C. 20006-1167

Thomas R. Jayne, Esq.
Thompson Coburn, LLP
One US Bank Plaza
St. Louis, MO 63101

Terri S. Reiskin, Esq.
Eric Tew, Esq.
Wallace King Domike & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Suite 500
Washington, D.C. 20004

Michael E. Blumenfeld, Esq.
Brown & Sheehan, LLP
The Tide Building, Suite 300
1010 Hull Street
Baltimore, MD 21230-5337

Brian K. Telfair, Esq.
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike
Fourth Floor
Tysons Corner, VA 22182