IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY HARRISON, *et al.*, ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 1:05-CV-01789 (ESH) |
| ) | |
| FREIGHTLINER LLC, *et al.* ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

STATEMENT OF MATERIAL FACTS AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT BY DEFENDANT FEDERAL SIGNAL CORPORATION

This case includes negligence, product liability, survival, and wrongful death claims stemming from a fatal accident involving a garbage truck. The undisputed facts show that Defendant Federal Signal Corporation ("Federal Signal") took no part in the design or manufacture of the vehicle or any of its parts, systems, or components. Because there is no dispute as to any material fact, Federal Signal is entitled to judgment as a matter of law.

Statement of Material Facts

1. The vehicle in question in this case was a garbage truck. Defendant Leach Corporation assembled the vehicle by manufacturing and installing a "refuse body" on an existing truck chassis. The vehicle was manufactured in early 2001. (Ex. A, Deposition of L. Watt, page 75).

2. On or about July 16, 2004, Mr. Johnny Harrison died when he was struck by his garbage truck (the "vehicle"). (Ex. B, Compl. at ¶¶ 3.1, 3.8-3.10).

3452564

3. In the Complaint, Plaintiffs allege that Federal Signal, along with its subsidiary, Leach Company ("Leach"), manufactured the rear loader/collection body of the vehicle (the "refuse body"). (Ex. B, Compl. at ¶ 1.3). Plaintiffs allege that Leach and Federal Signal were negligent in designing and/or manufacturing the refuse body. (Ex. B, Compl. at ¶ 3.4). They also allege that Leach and Federal Signal were negligent in "designing, manufacturing and/or supplying or participating in the integration of the finished product [with] its component parts, e.g. the rear component trash compactor or box." (Ex. B, Compl. at ¶ 4.4).

4. In fact, Federal Signal did not design or manufacture the vehicle or refuse body. (Ex. C, J. Cherry Aff. at ¶ 5). It did not design, manufacture, or supply any part, system, or component of the refuse body. (Ex. C, J. Cherry Aff. at ¶ 5). It did not participate in the placement of the refuse body onto the truck chassis, nor did it participate in the integration of the refuse body with other components and/or systems on the vehicle. (Ex. C, J. Cherry Aff. at ¶ 6). Federal Signal has never been in the business of designing or manufacturing refuse bodies or trucks. (Ex. C, J. Cherry Aff. at ¶ 5).

5. The refuse body at issue in this case was manufactured by Leach. (Ex. C, J. Cherry Aff. at ¶ 3). Federal Signal and Leach are separate corporations and had no ownership relationship with each other at the time this vehicle was manufactured. (Ex. C, J. Cherry Aff. at ¶¶ 4, 7). Federal Signal acquired the stock of Leach in September 2002. (Ex. C, J. Cherry Aff. at ¶ 7). Before that stock acquisition, Federal Signal had no ownership interest in Leach. (Ex. C, J. Cherry Aff. at ¶ 7).

6. Federal Signal does not control or dominate Leach. (Ex. C, J. Cherry Aff. at ¶ 4). The two companies maintain separate business locations, they keep separate corporate minutes

and records, and they each separately follow the corporate formalities necessary for the issuance or subscription of stock. (Ex. C, J. Cherry Aff. at ¶ 4).

Memorandum of Points and Authorities

Summary judgment is proper when "there is no genuine dispute as to any material fact and . . . the moving party is entered is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *White v. Fraternal Order of Police*, 909 F.2d 512, 516 (D.C. Cir. 1990). In order to prove negligence on the part of Federal Signal, Plaintiffs must prove that Federal Signal owed a duty to Plaintiffs and that it breached that duty. *Romero v. Nat'l Rifle Ass'n of Am., Inc.*, 749 F.2d 77, 79 (D.C. Cir. 1984); *Brisbin v. Washington Sports & Entm't, Ltd.*, 422 F. Supp. 2d 9, 14 (D.D.C. 2006). In order to prove a products liability case against Federal Signal, Plaintiffs must prove that Federal Signal was engaged in the business of selling the product that allegedly caused the harm. *Webster v. Pacesetter, Inc.*, 259 F. Supp. 2d 27, 30 (D.D.C. 2003); *Word v. Potomac Elec. Power Co.*, 742 A.2d 452, 459-60 (D.C. 1999); *Warner Freuhauf Trailer Co. v. Boston*, 64 A.2d 1272, 1274 (D.C. 1995).

It is undisputed, however, that Federal Signal took no part in the design, manufacture, or sale of the product at issue in this case. Thus, there is no dispute as to any material fact with respect to Plaintiffs' product liability claims. Additionally, because Federal Signal took no part in the design manufacture, or sale of the product, and because Plaintiffs have alleged no other facts to show that Federal Signal owed or breached any duty to Plaintiffs, there is no dispute as to any material fact with respect to Plaintiffs' negligence claims. Further, because Plaintiffs' survival and wrongful death claims are based on a negligence theory (Ex. B, Compl. at ¶¶ 6.1-6.4, 7.1-7.4), there is no dispute as to any material fact with respect to those claims.

<u>Conclusion</u>

For these reasons, and for the reasons set forth in its Motion for Summary Judgment, Federal Signal is entitled to judgment as a matter of law and summary judgment should be granted.

Respectfully submitted,

  /s/ Allison Manger
Allison Manger (D.C. Bar No. 482593)
Ryan K Manger (D.C. Bar No. 481686)
  THOMPSON COBURN LLP
  1909 K. Street, N.W. Ste. 600
  Washington, D.C.  20006-1167
  (202) 585-6900 (telephone)
  (202) 585-6969 (facsimile)

*Attorneys for Leach Company and Federal Signal Corporation*

<u>Of Counsel</u>

Thomas R. Jayne
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO  63101
(314) 552-6000 (telephone)
(314) 552-7000 (facsimile)

## CERTIFICATE OF SERVICE

    I hereby certify that on this 12th day of February, 2007, true and correct copies of the foregoing Statement of Material Facts and Memorandum of Points and Authorities in Support of Motion for Summary Judgment by Defendant Federal Signal Corporation were served electronically through CM/ECF on:

        John F. Kennedy, Esq.
        KENNEDY & DOLAN
        8601 Georgia Avenue, Suite 910
        Silver Spring, MD  20910

        *Counsel for Plaintiffs LaQuansia Bennett, Shavon Fowler, and Estate of Johnny Harrison*

        Patrick A. Malone, Esq.
        STEIN, MITCHELL & MEZINES
        1100 Connecticut Ave., N.W.
        Suite 1100
        Washington, D.C.  20036

        *Counsel for Plaintiffs LaQuansia Bennett, Shavon Fowler, and Estate of Johnny Harrison*

                /s/ Allison Manger